Catherine K. FINNEY, Appellant,

v.

**BAYLOR MEDICAL CENTER GRAPEVINE, Appellee.**

No. 2–89–232–CV.

Court of Appeals of Texas, Fort Worth.

July 17, 1990.

Rehearing Denied Aug. 14, 1990.

Crews, Thorpe & Hatcher and Steven B. Thorpe, Dallas, for appellant.

Burford & Ryburn, Larry Hallman and Joann N. Wilkins, Dallas, for appellee.

Before WEAVER, C.J., and JOE SPURLOCK, II, and DAY, JJ.

## OPINION

DAY, Justice.

Finney appeals from a summary judgment in her suit against her former employer, Baylor Medical Center Grapevine. Finney's suit alleged that Baylor unlawfully discharged her because of her handicap in contravention of the Texas Commission on Human Rights Act, TEX.REV.CIV. STAT.ANN. art. 5221k (Vernon 1987) and (Vernon Supp.1990), the "Act."

We reverse and remand for trial on the merits.

Finney was employed as Director of Marketing for Baylor Medical Center Grapevine from March 1986 through May 31, 1988. During her employment, she received no warnings or reprimands concerning the performance of her duties. Finney had been diagnosed as suffering from Bipolar Affective Disorder (manic depression) which is controlled by medication. She was hospitalized from May 6 through May 20, 1988, so that her treating physician could adjust her medication. During this hospital stay, Baylor, for the first time, discovered the nature of Finney's illness. Afterwards, Finney provided Baylor with a medical release signed by her physician allowing her to resume work on May 25, 1988.

Baylor then discharged Finney from her job effective May 31, 1988. She filed suit against Baylor asserting that manic depression constitutes a "handicap" under the Act. She charged that Baylor intentionally discriminated against her by discharging her from employment because of this handicap.

Baylor filed a motion for summary judgment arguing that, as a matter of law, Finney's condition was not a handicap as contemplated by the Act. From the trial court's order granting this motion, Finney appeals.

In her sole point of error, Finney asserts the trial court erred in granting the summary judgment, because the summary judgment evidence clearly established the existence of a material issue of fact. Baylor argues that under the language of the Act, Finney's condition is an emotional, rather than physical or mental condition and is therefore not a "handicap." It asserts that, because the Act specifically addresses physical and mental conditions without reference to emotional conditions, we should presume the legislature intentionally excluded "emotional conditions" from the Act. Baylor argues that the legislature did not intend the term "handicap" to encompass emotions which come and go in no predictable pattern and in varying degrees of feeling, because such conditions are purely subjective. Baylor maintains the granting of its summary judgment was proper because no fact issues were left undecided.

We disagree.

Although Baylor categorizes Finney's condition as "emotional," rather than "physical" or "mental," we find no such distinction in our examination of the record. The record contains no evidence which conclusively establishes that manic depression is specifically an "emotional" condition, nor does the record reflect the existence of the "physical," "emotional" and "mental" distinctions upon which Baylor bases its argument. Thus, the proper categorization of Finney's condition is a fact issue which remains undecided.

In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); TEX.R.CIV.P. 166a. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most

favorable to the non-movant. *See id.* In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the non-movant will be accepted as true. *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex. 1984); *Farley v. Prudential Ins. Co.,* 480 S.W.2d 176, 178 (Tex.1972). Every reasonable inference from the evidence must be indulged in favor of the non-movant and any doubts resolved in his favor. *Montgomery,* 669 S.W.2d at 311. Evidence which favors the movant's position will not be considered unless it is uncontroverted. *Great American,* 391 S.W.2d at 47.

The Act provides, in pertinent part, the following:

It is an unlawful employment practice for an employer:

(1) to fail or refuse to hire or to discharge an individual or otherwise to discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment because of race, color, handicap, religion, sex, national origin, or age.

TEX.REV.CIV.STAT.ANN. art. 5221k, sec. 5.01 (Vernon 1987).

Section 2.01(7) of the Act defines "handicap" as follows:

(B) "Handicap" means a condition either mental or physical that includes mental retardation, hardness of hearing, deafness, speech impairment, visual handicap, being crippled, or any other health impairment that requires special ambulatory devices or services, as defined in Section 121.002(4), Human Resources Code, but does not include a condition of addiction to any drug or illegal or federally controlled substances or a condition of addiction to the use of alcohol.

*Id.* sec. 2.01(7).

The summary judgment evidence included the following testimony by Finney during her deposition taken in April 1989:

Q. Was there any time that that particular disease affected your work, your ability to do your work in a negative sense from the time you began care with Dr. Fulton up until today?

A. No, I don't think it impaired me.

. . . .

Q. Were there any times that the bipolar affective disease, prior to going to see Dr. Fulton in August of '86, were there any times that that disease affected your work, made you unable to perform your work, impaired your ability to do your work?

A. There were times when the illness actually enhanced my work.

. . . .

Q. You don't have any physical impairments related to this disease; is that true?

A. That's correct.

Q. Whenever the chemical imbalance occurs it affects you mentally, not physically; is that true?

A. It affects affectively, not mentally.

Q. All right. Explain that to me.

. . . .

Q. So if I understand you, instead of affecting the mental processes of the brain, it affects your moods and your emotional reactions?

A. Yes, that's correct.

. . . .

Q. Do you consider yourself mentally ill?

A. No, I do not.

. . . .

Q. So while you suffer from the emotional effects of the disease, you're still able to mentally perform anything required of you to function in the social or work environment; is that right?

A. It depends on the degree of impairment.

Q. The emotional impairment you're talking about from the disease?

A. Yes.

Q. In other words, you can get so depressed that you can't function with someone in a social context, you can't relate to them? Is that what you're referring to?

A. What I'm referring to is that sometimes it's more difficult to be func-

tioning. You can function but it's difficult internally.

....

Q. Yes. I'll rephrase it. In other words, you have to overcome—it's more difficult to overcome this emotional problem that the disease causes in order to perform whatever is required of you mentally in some social or employment context?

A. When the disease is symptomatic it's hard to function.

Q. And you may or may not be able to overcome the emotional problem in order to perform whatever mental things you have to do depending on the severity?

A. Depends on the severity, yes.

....

Q. What problem do you have?

A. I have problems with coordination and balance when I'm medicated.

Finney's evidence in opposition to the motion for summary judgment consisted of her own affidavit as well as an affidavit by a clinical psychologist. Finney's affidavit indicates that when she gave her deposition, she was impaired by her condition but did not realize the impairment at the time. A month following her deposition, she was back under the care of a physician, who increased the dosage of her medication. Prior to diagnosis of her condition, Finney's affidavit indicates that she suffered periods of depression which disabled her both socially and professionally, rendering her unable to work effectively or provide herself routine hygiene or nutritional care. Finney states that this increased medication enables her to perform both socially and professionally.

The second affidavit was sworn to by Dr. J. Randall Price, a clinical psychologist. In his opinion, based upon his experience, training, and review of applicable professional literature, Finney's Bipolar Affective Disorder severely impacts a person's ability to work. Moreover, he states that when chemical imbalances occur, a person's manic or depressive episodes severely impair professional functioning.

■ Although the Texas Supreme Court determined that minor visual impairment was not a "handicap" as a matter of law, it also held that "[t]he question of whether a person is 'handicapped' is generally a question of fact for the fact finder." *Chevron Corp. v. Redmon*, 745 S.W.2d 314, 318 (Tex.1987). The *Chevron* court pointed out that "[a] review of the statutes and the legislative history of this Act reveals that the legislature was concerned with protecting persons with impairments of an incapacitating nature." *Id.* at 317–18. The court concluded that a disability which is a "handicap" under the statute "must be one which is generally perceived as severely limiting [a person] in performing work-related functions in general." *Id.* at 318.

The language of article 5221k, coupled with the *Chevron* decision, leads us to conclude that the issue of whether Finney is "handicapped" under article 5221k is one of material fact which must be resolved by the fact finder. The conflicts in Finney's deposition testimony and her subsequent affidavit indicate that a fact issue exists as to whether the manic depression from which she suffers is a "handicap" under the statute.

■ Deposition testimony does not have a controlling effect over an affidavit in determining whether a motion for summary judgment should be granted. If conflicting inferences arise from a deposition and affidavit of the same party in opposition to a motion for summary judgment, a fact issue is presented. *Randall v. Dallas Power & Light Co.*, 752 S.W.2d 4 (Tex. 1988) (per curiam).

We hold that the trial court erred in rendering summary judgment, because the summary judgment evidence indicates that a material issue of fact exists. We reverse the judgment of the trial court and remand this cause to the court for a trial on the merits.