**Richard A. CABALLERO**

v.

**CENTRAL POWER AND LIGHT COMPANY.**

No. D–1001.

Supreme Court of Texas.

May 19, 1993.

Rehearing Overruled June 23, 1993.

Jerald L. Abrams, Eagle Pass, for Richard A. Caballero.

Lev Hunt, Corpus Christi, for Cent. Power and Light Co.

**OPINION**

GAMMAGE, Justice.

■ This cause presents questions of first impression—the procedures required by, and relief available under, the Texas Commission on Human Rights Act. TEX. REV.CIV.STAT.ANN. art. 5221k (Vernon 1987) ("TCHRA").[1] Richard Caballero sued Central Power & Light Company (CP & L) for employment discrimination based on "handicap." On jury findings favorable to Caballero, the trial court rendered judgment that Caballero recover monetary damages for lost past earnings and diminished future earning capacity. The court of appeals reversed and remanded, holding that TCHRA was substantially an equitable statute which required that a complainant first obtain an injunction against the employer's wrongful conduct before he could sue for violation of the injunctive order, the

---

1. The Act was amended in 1989, but the amendments do not affect the sections construed in this opinion.

next procedurally-required step. 804 S.W.2d 534. We decline to adopt the court of appeals' reading of TCHRA, and hold that once a litigant is authorized to proceed in court under the statute,[2] he is entitled to a jury trial for damages. We therefore reverse the judgment of the court of appeals and remand the cause to that court.

Caballero was a serviceman (lineman) for CP & L from June 1954 to January 1987. In 1976, Caballero began experiencing back pains, but continued to work. Caballero experienced pain down his legs that sometimes made it painful for him to climb the utility poles. After receiving two doctors' reports analyzing Caballero's back condition, CP & L placed Caballero on temporary disability status on January 19, 1987. At that time CP & L paid Caballero his monthly salary of $2,300.00 for five months. It then made monthly temporary disability payments of $1,400.00 for twenty-six months, from July 1987 through October 1989, when this case went to trial. Caballero obtained temporary employment at a public school for the two months just before his case came to trial.

The jury found that Caballero was handicapped and that CP & L had discharged him for his handicap. The jury found adversely to CP & L on the affirmative defense presented to them.

### Construction of TCHRA

CP & L argued to the trial court that before any action for damages could be maintained under TCHRA, Caballero had to obtain a separate injunction judgment against it and then prove it had violated the injunctive order. For purposes of this opinion we assume CP & L preserved the al-

leged error in submitting the case to a jury.[3] The court of appeals accepted CP & L's construction.

The court of appeals held that Caballero failed to comply with TCHRA. That court read sections 7.01(c) and (g) in conjunction to conclude that no relief may be had unless an injunction is sought and a showing is made that CP & L did not comply with an order of the court.

The court of appeals erred in reading subsections (c) and (g) together to create a new pretrial procedure. Subsection 7.01(c) states:

> If the court finds that the respondent has engaged in an unlawful employment practice as alleged in the complaint, the court may enjoin the respondent from engaging in an unlawful employment practice and order such additional equitable relief as may be appropriate.

Subsection (g) states:

> In any case in which an employer, employment agency, or labor organization fails to comply with an order of a court issued in a civil action brought under this article, a party to the action or the commission, on the written request of a person aggrieved by the failure, may commence proceedings to compel compliance with the order.

TCHRA subsection 7.01(c) only states that the court "may" grant equitable relief, not that it must, or that it is a prerequisite to do so. Likewise, subsection (g) merely lists the parties who can enforce any order the trial court issues. It is not a requirement that those parties *must* seek to enforce such an order. The court of appeals' opinion would erroneously turn a permissive procedure into a mandatory one. *See*

---

**2.** Before he may file suit, the claimant must exhaust his administrative remedies. *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 483 (Tex.1991).

**3.** By a pretrial "Motion for Court Trial" and a plea in abatement, CP & L informed the trial court of its theory that TCHRA required a trial to the court for an injunction before any jury trial for damages for violating a court order could be had. The court denied the motion and plea. The court submitted the case to the jury on factual questions.

When counsel for CP & L designated the items to be included in the transcript for appeal, he failed to designate CP & L's objections to the charge. It was CP & L's burden to include the objections or they "will not be grounds for complaint on appeal." Tex.R.App.P. 51(b). Without deciding whether an objection to the charge was required to preserve error, we address the statutory construction of TCHRA. Nothing herein should be taken as deciding whether or not CP & L's procedural actions were sufficient to preserve error.

*Bloom v. Texas State Bd. of Examiners of Psychologists*, 492 S.W.2d 460, 467 (Tex. 1973). Under that court's reading, all remedies considered by TCHRA other than an injunction would be denied whenever an injunction is denied, a result clearly inconsistent with the statute as a whole.

The intent of TCHRA is to have issues of discrimination go to a jury *before* a grant of equitable relief. *See generally Lakeway Land Co. v. Kizer*, 796 S.W.2d 820, 826 (Tex.App.—Austin 1990, writ denied). Other courts of appeals have allowed a determination of the threshold issues of handicap and discrimination before the grant of any relief. *See, e.g., Finney v. Baylor Medical Ctr. Grapevine*, 792 S.W.2d 859 (Tex.App.—Fort Worth 1990, writ denied); *Bushell v. Dean*, 781 S.W.2d 652 (Tex.App.—Austin 1989), *rev'd in part on other grounds*, 803 S.W.2d 711 (Tex. 1991). Moreover, this construction of the statute is consistent with our practice in injunction proceedings of requiring submission to the jury of only the ultimate issues of fact, but leaving the purely equitable determinations (expediency, necessity, or propriety of equitable relief) to the judge. *See State v. Texas Pet Foods, Inc.*, 591 S.W.2d 800, 803 (Tex.1979).

The construction given by the court of appeals would frustrate the stated purposes of TCHRA. One of the act's general purposes is "to secure for persons within the state freedom from discrimination in certain transactions concerning employment ... and to make available to the state their full productive capacities, to secure the state against domestic strife and unrest [and] to preserve the public safety, health and general welfare...." TCHRA § 1.02(2). Erecting procedural barricades to the enforcement of the substantive rights granted by TCHRA would not further that purpose. Another stated purpose is to coordinate and conform with federal law under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e et seq.), and the Age Discrimination in Employment Act (29 U.S.C. § 621 et seq.). TCHRA § 1.02(1); *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991). In particular, Texas courts "may consider how the federal act is implemented under clauses similar to those at issue in the Texas act." *Eckerdt v. Frostex Foods, Inc.*, 802 S.W.2d 70, 72 (Tex.App.—Austin 1990, no writ). Under the corresponding federal enactments,[4] there are factual issues that ordinarily must be resolved by the finder of fact before legal or equitable remedies are applied. *School Bd. of Nassau County v. Arline*, 480 U.S. 273, 286–89, 107 S.Ct. 1123, 1130–32, 94 L.Ed.2d 307 (1987).[5]

■ TCHRA does not require a "two-tiered" procedure of first obtaining an injunction judgment and then proving violation of a court order to enforce the substantive rights it grants. We hold that when properly requested, jury trials are appropriate for finding the ultimate issues of fact[6] under TCHRA, but not for fashioning appropriate equitable relief.[7]

4. Congress in 1991 amended the Federal Civil Rights Act to make clear that a party who is seeking compensatory or punitive damages, or a defendant, may demand a jury trial. 42 U.S.C.A. § 1981a(c) (Supp.1993). This jury trial provision is expressly made applicable to the corresponding anti-discrimination provision of the Americans with Disabilities Act, 42 U.S.C.A. § 12112 (1992 Pamph.Supp.), by the amendment to the Civil Rights Act. 42 U.S.C.A. § 1981a(a)(2) (Supp.1993).

5. *Arline* involved an elementary school teacher who had been discharged on the basis of her tuberculosis, a contagious disease. The Supreme Court held it was a question of fact, not of law, whether Arline was handicapped. The court pointed to evidence at trial that Arline's recurring tuberculosis, which required hospitalization, was a physical impairment substantially limiting major life activities.

6. The question whether there was legally sufficient evidence that Caballero was handicapped has not been preserved and is not before this court because it is a "rendition" point CP & L did not present by its own application. We express no opinion on the court of appeals' implied holding supporting the jury finding.

7. Caballero obtained favorable jury findings as to certain types of damages, as opposed to equitable relief. Given our remand of the case to the court of appeals, we do not resolve either whether Caballero's damages issues were proper or whether CP & L waived its objections to the damages issues.

### Proper Disposition of Cause

 CP & L asserts in this court several arguments that it presented to the court of appeals. These include "rendition" points and "remand" points. CP & L failed to file a separate application for writ of error seeking affirmative relief beyond the reversal and remand afforded by the court of appeals' judgment. CP & L has therefore waived its rendition points. *Archuleta v. International Ins. Co.*, 667 S.W.2d 120, 123 (Tex.1984); *Wich v. Fleming*, 652 S.W.2d 353, 356 (Tex.1983). CP & L presented several "remand" points to the court of appeals which that court did not reach because of its holding on the construction of TCHRA, which construction we hold erroneous. Some of CP & L's remand points may have been waived because of the problems in the appellate record we have indicated. It is appropriate for the court of appeals in the first instance to address CP & L's remand points and the associated waiver questions. We reverse the judgment of the court of appeals and remand this cause to that court for further proceedings consistent with this opinion.