NUMBER
13-00-593-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

 



 

ERNESTO A. GALVAN,                                                          Appellant,

 

                                                   v.

 

TEXAS LOW COST INSURANCE AGENCY, INC.,                       Appellee.

 



 

                        On appeal
from the 138th District Court

                                 of
Cameron County, Texas.

 



 

                                   O
P I N I O N

 

         Before Chief Justice Valdez and Justices Hinojosa and Castillo

                                  Opinion
by Justice Castillo          

 

Ernesto Galvan
appeals the order granting his former employer=s motion for summary judgment in a
national origin discrimination lawsuit. 
By one issue, Galvan challenges the summary judgment, claiming that he
provided more than a scintilla of probative evidence to raise a genuine issue
of material fact as to the essential elements of his employment discrimination
claim.  We reverse and remand. 








Background

Galvan filed a discrimination lawsuit against Texas Low Cost
Insurance Agency, Inc., asserting his employer unlawfully discriminated against
him because of his national origin in violation of the Texas Commission on
Human Rights Act (ATCHRA@).[1]   The agency filed a motion for summary
judgment against Galvan=s claims which
the trial court granted.  In the same
motion, the agency sought a summary judgment for its attorney=s fees, which
was denied.  The summary as follows reflects unobjected-to
evidence, which was contained in Galvan=s timely filed response before the trial court prior
to the entry of the summary judgment.[2] 








In his verified
charge of discrimination as filed with the TCHR, Galvan states that, in August
1997, prior to his employment termination, he was not considered for or given
the opportunity to apply for the position of managing vice president and was
demoted from his position as vice president after five years with the company. [3]  He states that the company president, not a
member of the complained-of class, told him the reason for his demotion was
that his position was being eliminated; however, he was not given a reason for
not being promoted.   Galvan further
states that he believes he was better qualified than the person selected for
the position of managing vice president, also not a member of the complained-of
class, who had no experience in property and casualty insurance. In his TCHR
complaint, Galvan also states that in September 1997 the company president
subjected him to comments such as AMexicans were
lazy, fat,@ Adrive slow,@ and were Aalways taking
siestas.@  Galvan alleged in his original petition that:
(1) he was told his position was going to be eliminated although it still
exists; (2) the managing vice president position was not but should have been
announced; (3) he was not allowed to submit his information for promotion to
managing vice president; and (4) he was demoted from his position as vice
president with a pay reduction.  Galvan
also alleged that the agency=s actions Ain
constructively harassing@ him
constituted discrimination.  

The employer
filed a motion entitled Amotion for
no-evidence summary judgment,A asserting
generally that Galvan could not prove his cause of action since he, in
particular, could not demonstrate there was any evidence to support his claim
that, because of his national origin, he was subjected to any of the adverse
employment actions proscribed by section 21.051 of the TCHRA after adequate
time for discovery.[4]  Together with its motion, the employer filed
an attorney affidavit regarding its request for attorney=s fees.  Without specifying a reason, the trial court
granted the motion and denied all relief not granted in the judgment, thereby
disposing of the attorney=s fees request
and making the judgment final and appealable.  
This appeal ensued.   








Standard of
Review

The function of summary judgment is not to deprive litigants of
the right to a trial by jury, but to eliminate patently unmeritorious claims
and defenses.  City of Houston v.
Clear Creek Basin Auth., 589 S.W.2d 671, 678 n.5 (Tex. 1979); Swilley v.
Hughes, 488 S.W.2d 64, 68 (Tex. 1972).  
On appeal, the proper standard of review for the grant of a motion for
summary judgment is determined by whether the motion was granted on traditional
or Ano-evidence@ grounds.  The determination of the nature of the motion
for summary judgment is critical as the difference in relative burdens between
the parties in the two types of summary judgments is significant. See
Michael v. Dyke, 41 S.W.3d 746, 750-52 (Tex. App.BCorpus Christi
2001, no pet.)

In a
traditional motion for summary judgment, the movant has the burden of showing
that there is no genuine issue of material fact and that he is entitled to
judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Swilley,
488 S.W.2d at 67.  In deciding whether
there is a genuine issue of material fact, evidence favorable to the nonmovant
will be taken as true, and all reasonable inferences made, and all doubts
resolved, in his favor.  American
Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997).  Summary judgment is proper if the movant
disproves at least one element of each of the plaintiff=s claims or
affirmatively establishes each element of an affirmative defense to each
claim.  Id.  The 
nonmovant has no burden to respond to a traditional summary judgment
motion unless the movant conclusively establishes its cause of action or
defense.  Swilley, 488 S.W.2d at
68.








By contrast, a no-evidence summary
judgment is equivalent to a pretrial directed verdict and this Court applies
the same legal sufficiency standard on review. 
Zapata v. Children's Clinic, 997 S.W.2d 745, 747 (Tex. App.BCorpus Christi 1999, pet. denied).  In an appeal of a no-evidence summary
judgment, this Court reviews the evidence in the light most favorable to the
non-movant, disregarding all contrary evidence and inferences.  Merrell Dow Pharms., Inc. v. Havner,
953 S.W.2d 706, 711 (Tex. 1997); Burroughs Wellcome Co. v. Crye, 907
S.W.2d 497, 499 (Tex. 1995).  If
the non-movant produces evidence to raise a genuine issue of material fact,
summary judgment is improper.  Tex. R. Civ. P. 166a(i).  All that is required of the non-movant is to
produce a scintilla of probative evidence to raise a genuine issue of material
fact.  Zapata, 997 S.W.2d
at 747. ALess than a scintilla of evidence exists when the evidence is >so weak as to do no more than create a mere surmise or
suspicion of a fact.=@  Id.(citing
Moore v. KMart Corp., 981 S.W.2d 266, 269 (Tex. App.BSan Antonio 1998, pet. denied)(quoting Kindred v.
Con/Chem Inc., 650 S.W.2d 61, 63 (Tex. 1983)). Conversely,
more than a scintilla exists when the evidence Arises to a level that would enable reasonable and
fair-minded people to differ in their conclusions.@  Transportation Ins. v. Moriel, 879 S.W.2d
10, 25 (Tex. 1994).  The burden of
producing evidence is entirely on the non-movant; the movant has no burden to
attach any evidence to his motion.  Tex. R. Civ. P. 166a(i). 








The mere labeling of a motion for summary judgment as
a no-evidence summary judgment motion, however, is not determinative of its
nature.  A party moving for summary
judgment under rule of civil procedure 166(a)(i) must fulfill certain specific
procedural requirements and is subject to certain restrictions.  Tex.
R. Civ. P. 166(a)(i); Oasis Oil Corp. v. Koch Ref. Co. L.P., 60
S.W.3d. 248, 252 (Tex. App.BCorpus Christi 2001, no pet.).[5]  Among these are that the motion must state
the elements of the claim as to which there is no evidence; it must be specific
in challenging the evidentiary support for a particular element of the claim;
it may only be brought against claims upon which the nonmovant would have the
burden of proof at trial; and it may not be conclusory or a general no-evidence
challenge.  Tex. R. Civ. P. 166a(i) and cmt; Oasis Oil, 60 S.W.3d
at 252.

Review of the
motion for summary judgment filed in the present case reveals that, despite its
title, within the same motion, appellee sought summary judgment on a claim for
attorney=s fees,
attached summary judgment evidence as to the attorney=s








fees, and
utilized language appropriate to a traditional summary judgment by alleging
entitlement to attorney=s fees as a
matter of law.[6]  The conclusion simply asserted that the
appellee was entitled to summary judgment Afor the reasons
asserted in this motion@ and asked the
court to grant the summary judgment, without segregating the relief requested.








This Court has
recently held that where it is not readily apparent that the  summary judgment motion is sought under
166a(i), the reviewing court will presume that the motion is filed under 166a
and analyze it under the traditional summary judgment standard of review.  Hamlett v. Holcomb, No. 13-00-685-CV,
2002 Tex. App. LEXIS 1409, *4B*6 (Tex. App.BCorpus Christi,
February 21, 2002, no pet. h.).  We note
that there was apparently some confusion as to the legal basis for the summary
judgment on the appellee=s part, as
reflected in its response to appellant=s motion for
new trial.  In that response, appellee
argued that the court should deny the motion for new trial Abecause as a
matter of law, there [was] no fact issue in the case and defendant was entitled
to summary judgment,@ thus asserting
the grounds for a traditional summary judgment motion while also claiming that
appellant had Aprovided no
evidence@ to support his
claim.[7]   It appears that appellee attempted to file a
Ano-evidence@ summary
judgment as to the appellant=s claims and a
traditional summary judgment as to its own claims for attorney=s fees.  Out of an abundance of caution, however, we
will consider the trial court=s decision
against appellant=s claims under
both a traditional and a no-evidence analysis. 
However, as we find, infra, that appellant had, at the time of
the summary judgment, no burden under law to produce any evidence as to the
sole issue being challenged and appellee did have a burden and failed to
produce the required evidence, appellee=s motion for
summary judgment fails under both the traditional and no-evidence standard of
review. 

Discussion

Galvan brought his lawsuit under a provision of TCHRA, the
state employment discrimination statute. 
Tex. Lab. Code Ann. '21.051 (Vernon
1996).  The legislature modeled the TCHRA
after federal law for the express purpose of carrying out the policies of Title
VII of the Civil Rights Act of 1964 and its subsequent amendments. Tex. Lab. Code Ann. '21.001 (Vernon
1996); Ewald v. Wornick Family Foods Corp., 878 S.W.2d 653, 658 (Tex.
App.BCorpus Christi
1994, writ denied)(citing to predecessor statute).  When reviewing an issue under the TCHRA, we
may look to cases involving both the state statute and cases interpreting
analogous federal provisions.  Caballero
v. Cent. Power & Light Co., 858 S.W.2d 359, 361 (Tex. 1993); Benavides
v. Moore, 848 S.W.2d 190, 193 (Tex. App.BCorpus Christi 1992, writ denied).  Federal legislation prohibits adverse
employment actions for reasons of race, color, religion, sex, or national
origin.  Civil Rights Act, Title VII, 42
U.S.C. ' 2000e-2(a)
(1964).  Similarly, the TCHRA provides:

An employer
commits an unlawful employment practice if because of race, color, disability,
religion, sex, national origin, or age the employer:

 

(1)           fails or refuses to hire an
individual, discharges an individual, or discriminates in any other manner
against an individual in connection with compensation or the terms, conditions,
or privileges of employment; or

(2)           limits, segregates, or classifies an
employee or applicant for employment in a manner that would deprive or tend to
deprive an individual of any employment opportunity or adversely affect in any
other manner the status of an employee.

 








Tex. Lab. Code Ann. '21.051 (Vernon
1996).                        

Burden Shifting
Under McDonnell Douglas








In Apretext@ employment
discrimination cases[8]
not fully tried on the merits, Texas courts apply a burden shifting analysis
established by the United States Supreme Court. Texas Dep=t of Cmty.
Affairs v. Burdine, 450 U.S. 248, 252-53 (1981); McDonnell Douglas Corp. v.
Green, 411 U.S. 792, 802 (1973);  Texas
Dep=t of Human
Servs. v. Hinds, 904 S.W.2d 629, 636 (Tex. 1995).  First, the complainant must prove, by a
preponderance of the evidence, a prima facie case of employment
discrimination.  McDonnell Douglas,
411 U.S. at 802.  The precise elements of
this showing will vary according to the allegations, Id. at 802 n.13,
but the burden is Anot onerous.@  Burdine, 450 U.S. at 253.  Once this showing has been made, the burden
shifts to the defendant employer to proffer Asome legitimate, nondiscriminatory reason@ for the
adverse employment action.  McDonnell
Douglas, 411 U.S. at 802.   Finally,
if the employer carries this burden, the complainant must then prove, by a
preponderance of the evidence, that the proffered non-discriminatory reasons
are not the true reasons, but a mere pretext for discrimination.  Id. at 804; see also Burdine,
450 U.S. at 252-53; Quantum Chem. Corp. v. Toennies, 47 S.W.3d 473, 477
(Tex. 2001).

When an
individual claims discrimination based upon an employer=s failure to
promote him, the complainant is required to establish a prima facie case that:  (1) he is a member of the protected class,
(2) he sought and was qualified for an available employment position, (3)
despite his qualifications, he was not selected for the position, and (4) the
employer selected someone not a member of the protected class or otherwise
continued to seek applicants with the complainant=s qualifications.  Bernard v. Gulf Oil Corp., 890 F.2d
735, 745 (5th Cir. 1989); Elgaghil v. Tarrant County Junior College, 45
S.W.3d 133, 139 (Tex. App.BFort Worth
2000, pet. denied)(citing Bernard, 890 F.2d at 745).  To prove a prima facie case of discrimination
as to a demotion, a complainant must prove (1)
he was demoted; (2) he was qualified for the position he occupied; (3) he was
in the protected class at the time of the demotion; and (4) he was replaced by
a person outside the protected class. Crawford v. Formosa Plastics Corp.,
234 F.3d 899, 902 (5th Cir. 2000).








Once the prima
facie case is established, the burden of production shifts to the employer to
produce evidence of some legitimate, non-discriminatory reason for the
action.  St. Mary=s Honor Ctr. v.
Hicks,
509 U.S. 502, 506-07, 511 (1993).  If the
employer articulates a legitimate, non-discriminatory reason for the employment
action, the burden of production shifts back to the complainant to prove that
the employer=s articulated
reason is a mere pretext for unlawful discrimination.  Id. 
Although the burden of production shifts, the complainant always bears
the burden of persuasion.  Farrington
v. Sysco Food Servs., Inc., 865 S.W.2d 247, 251 (Tex. App.BHouston [1st
Dist.] 1993, writ denied).  

Analysis

Appellee=s motion for
summary judgment argued that A[a]fter
adequate time for discovery, plaintiff cannot provide evidence to support that
because of his national origin he was subjected to any of the adverse
employment actions proscribed by '21.051.@  This does not, in any way, attack any of the
elements of a prima facie case of national origin discrimination as to either
failure to promote or demotion.  Indeed,
the prima facie elements are not even mentioned.  Appellee could have, in the same motion,
challenged both the plaintiff=s proof as to
the prima facie case and proof on the question of pretext.  See Bowen v. El Paso Elec. Co., 49 S.W.3d 902, 908
(Tex. App.BEl Paso 2001, no pet.).  However appellee=s sole attack
on summary judgment was to appellant=s lack of
evidence to prove that any adverse employment actions were taken because of
his national origin. 








Neither prima
facie showing under either action filed by appellant requires proof that the
adverse decision was taken because appellant was a member of the
protected class.[9]  Rather, a plaintiff fails to make his prima
facie case if he fails to meet one of the required elements of a prima facie
case, such as failing to prove that he was a member of a protected class or
that he was qualified for the position he sought.[10]  The establishment of a prima facie case is
not dependant on proof of discriminatory intent, but rather, by virtue of proof
of the prima facie elements, it essentially creates a presumption
of unlawful discrimination which must then be rebutted by the employer.  St. Mary=s Honor Ctr, 509 U.S. at
506-07.  It is only after the employer
has articulated legitimate non-discriminatory reasons for the presumptively
discriminatory adverse action proven in the prima facie case that the plaintiff
is required to provide proof that the action taken was because of
discrimination against him as a member of the protected class rather than for
the reasons proffered by the employer.  See id. at 507-508; Toennies, 47
S.W.3d at 477. Thus, an attack on the plaintiff=s proof of discriminatory intent by the
employer is an attack on the plaintiff=s ability to
meet this final burden of production rather than an attack on the plaintiff=s burden to
establish his prima facie case. 

The appellee=s motion for
summary judgment, therefore, challenged only the lack of evidence at the
pretext stage of the burden shifting analysis.[11]  See St. Mary=s Honor Ctr., 509 U.S. at
507-08.   At such stage, the employee
must produce evidence that the proffered reason is mere pretext for
discrimination.  Id.   However, the burden of production does not
shift to the employee unless and until the employer has proffered to the court
a legitimate business reason for the adverse employment action. Id.








This Aburden of
production@ is a real and
tangible one. The employer must provide to the court not merely an explanation,
but actual evidence regarding its alleged non-discriminatory reasons.  Id.  AThe defendant
must clearly set forth, through the introduction of admissible evidence,@ reasons for
the adverse employment decision which, if believed by the trier
of fact, would support a finding that the employment
decision was not made because of unlawful discrimination.  Id. at 507 (quoting Burdine,
450 U.S. at 254-55, and n. 8) (emphasis added). 
It is not enough that counsel argue the reason or respond in a pleading B there must be
an actual production of evidence to the trial court.[12]  Burdine, 450 U.S. at 255 n.9 (AAn articulation
not admitted into evidence will not suffice. 
Thus, the defendant cannot meet its burden merely through an answer to
the complaint or by argument of counsel.@)

In its motion
for summary judgment, the employer challenged Galvan=s proof that
the employment decision was made for discriminatory reasons.  On appeal, the employer contends that Galvan=s subjective
beliefs are insufficient to prove mere pretext for discrimination.  But before any court can reach the subjective
beliefs inquiry at the pretext stage of the burden shifting analysis, the
employer is required to introduce into evidence, before the trial court,
its stated non-discriminatory business reason for its adverse action against
the employee.  Id.  This is so that the plaintiff may be accorded
Aa fair
opportunity to demonstrate that petitioner's assigned reason@ for the
adverse action is a mere pretext for discrimination.  McDonnell Douglas, 411 U.S. at 807. 








In order for
the employer to prevail on an issue in which it has the burden of production, McDonnell
Douglas requires that it proffer a non-discriminatory reason for the
complained of adverse action.  Id.  Here, the employer did not adduce evidence of
the reason for not promoting Galvan or for demoting him, an element of which it
would have the burden of production at trial.[13]  The trial court did not have before it the
employer=s proffered
non-discriminatory reason for its actions. 
The only evidence before the trial court was Galvan=s statement
that he was not given a reason for not being promoted and that he was told he
was being demoted because his position was being eliminated.  There is no evidence in the record from the
employer as to its reasons for its actions, which may, or may not have
corresponded with Galvan=s statements as
to the employer=s reasons.   There is no means by which to measure
whether Galvan=s evidence
would have been sufficient to counter any explanation since no explanation was
offered into evidence.   Since the
employer never produced any evidence to the trial court presenting a
legitimate, non-discriminatory reason for the complained of actions,  Galvan had no burden to prove that any
particular reason was false, or, in other words, no burden, at that point in
the proceedings, to produce any evidence that the adverse actions taken by the
employer were done Abecause of his
national origin.@  St. Mary=s Honor Ctr., 509 U.S. at
507-08; see also Burdine, 450 U.S. at 252-53.   Accordingly, we hold that the trial court
erred in granting summary judgment under either traditional or Ano-evidence@ grounds.








Conclusion

We conclude
that the summary judgment was improper. 
We reverse the judgment of the trial court and remand for further
proceedings consistent with this opinion.

  

ERRLINDA CASTILLO

Justice

 

Do not
publish.

Tex.
R. App. P.
47.3(b).

 

Opinion delivered and
filed

this 16th day of May,
2002.

 











[1] Tex. Lab. Code Ann. ''21.001
- 21.556 (Vernon 1996 & Supp. 2002). 
Galvan filed the complaint with the Texas Commission on Human Rights (ATCHR@)
alleging  discrimination based upon his
national origin, AMexican.@  

 





[2] No
challenge was made to the evidence proffered by Galvan. Defects, if any, in the
form of evidence submitted will not be grounds for reversal unless specifically
pointed out by objection by an opposing party with opportunity, but refusal, to
amend.  Tex.
R. Civ. P. 166a(f). 

 





[3]
References to his employment termination are provided for historical
reasons.  We note that in his original
petition Galvan does not allege discrimination in employment termination or
retaliation.  In his TCHR charge as
attached to his summary judgment response, he complained of discrimination in
the failure to promote, in his demotion, and in his employment termination.  In the affidavit attached to his response, he
urges retaliation.   

 





[4]
Galvan filed his lawsuit on September 10, 1998, and the employer filed its
motion for summary judgment on December 7, 1999.  

 





[5]  As we stated in Oasis Oil, we must
keep in mind the following caveats when reviewing no-evidence summary
judgments:

 

1. the no evidence motion can
only be brought against Aa
claim or defense on which the adverse party would have the burden of proof at
trial,@ Tex. R. Civ. P.  166a(i); 

 

2. Athe
motion must state the elements as to which there is no evidence,@ Id.

 

3. Athe
motion must be specific in challenging the evidentiary support for an element
of a claim,@ Tex. R. Civ. P. 166a cmt.; 

 

4. Aparagraph
(i) does not authorize conclusory motions or general no-evidence challenges to
an opponent=s
case,@ Id.;


 

5. Aits
response need only point out evidence that raises a fact issue on the
challenged elements,@ Id.;

 

6. Athe
respondent is not required to marshal its proof.@ Id.

 

Oasis Oil v.
Koch Ref. Co. L.P., 60 S.W.3d. 248, 252 (Tex. App.BCorpus
Christi 2001, no pet.).


 





[6]
Appellant does not contend on appeal that the motion is not a proper 166a(i)
motion for failure to specifically set out the element being challenged, hence
we do not consider that question.  See
Callaghan Ranch Ltd. v. Killam, 53 S.W.3d 1, 3 (Tex. App.BSan
Antonio 2000, pet. denied)(holding that an appellant may challenge, for the
first time on appeal, the sufficiency of a 166a(i) motion as a matter of law
for failing to specify the element it challenged); contra Walton v.
Phillips Petroleum Co., 65 S.W.3d 262, 268 (Tex. App.BEl
Paso 2001, no pet.).

 





[7] Tex. Lab. Code Ann. '21.051
(Vernon 1996).





[8]  The other type of employment discrimination
case recognized by federal and state courts 
is the Amixed
motive@ case
where there is direct evidence of discriminatory animus. Price Waterhouse v.
Hopkins, 490 U.S. 228, 244-45 (1989); Garcia v. City of Houston, 201
F.3d  672, 675-76 (5th Cir. 2000).  In such a case, the burden is shifted to the
employer to show that, regardless of any discriminatory motive, legitimate
reasons would have led to the same decision. Price Waterhouse, 490 U.S
at 244-45; Garcia, 201 F.3d at 676.  
However, where race, national origin, or sex was a motivating factor for
an employment action, even when there were other legitimate motivating factors,
this action will be deemed an unlawful employment practice.  Garcia, 201 F.3d at 676 (discussing
amendments made to Title VII in response to the Price Waterhouse decision).  Where the employer shows that it would have
taken the same action absent the improper motivating factor, relief is limited
to injunctive and declaratory relief, costs, and attorneys=
fees.  Id.   However, a discrimination case will only be
classified as a Amixed
motive@ case
where there is direct evidence of discrimination impacting on the adverse
employment action. See Price Waterhouse, 490 U.S. at 276 (Justice O=Connor,
concurring)(plaintiff must show Adirect evidence that an
illegitimate criterion was a substantial factor in the decision@).  If there is only circumstantial evidence of
discrimination, then the case will be classified as a pretext case.  Quantum Chem. Corp. v. Toennies, 47
S.W.3d 473, 477 (Tex. 2001).





[9] See  Bernard v. Gulf Oil, Corp., 890 F.2d
735, 745 (5th Cir. 1989); Crawford
v. Formosa Plastics Corp., 234 F.3d 899, 902 (5th
Cir. 2000).





 

[10]  For example, to
prove his prima facie case of demotion, appellant would have had to show that
he was demoted (e.g., demoted from a vice-president position to a district
manager position with a pay cut); he was qualified for the position from which
he was demoted (e.g. had been with the company for five years and served as
vice-president); he was a member of a protected class at the time (e.g., of
Mexican origin), and was replaced by someone outside of his protected class
(e.g., of non-Mexican origin).

 





[11]
Appellee apparently assumed the establishment of appellant=s
prima facie case in its summary judgment motion.  For the purposes of our review of the trial
court=s decision on
such motion, we do likewise.





[12]  We recognize
that this raises the question of whether a Ano-evidence@
summary judgment challenge can ever properly be made to this particular burden
as the case law very clearly requires the introduction of evidence on the part
of the movant.  However, as this question
is not directly before us and its resolution is not required for our
determination of this case, we need not decide this issue.

 





[13] The
employer could have proffered evidence as to this issue. Cf. Bowen v.
El Paso Elec. Co., 49 S.W.3d 902, 909 (Tex. App.BEl
Paso 2001, no pet.)(In a mixed traditional and no evidence motion for summary
judgment, employer met burden of production by Aproducing
evidence@ that
employee was fired due to various non-discriminatory reasons.)