IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-30601
Summary Calendar

_____

EMILY J. WAGNER,

Plaintiff-Appellant,

versus

TRW, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court for
the Western District of Louisiana
(95-CV-1865)
_____

March 4, 1998

Before REAVLEY, KING and DAVIS, Circuit Judges.

PER CURIAM:[*]

Emily Wagner sued TRW, Inc. for violations of the Fair

Credit Reporting Act (FCRA)[1] seeking actual damages, punitive

damages, costs and attorneys fees.  The trial court granted

summary judgment for TRW, Inc., and Wagner now appeals.  We

affirm.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]15 U.S.C. §§ 1681 et seq. (1998).

In June 1994, Wagner requested a copy of her credit report from TRW after being turned down for credit.  The credit report contained an entry which stated that Wagner had "5 or more" late payments on an account with JC Penney.  Wagner complained about this entry.  TRW sent a consumer dispute verification request (CDV) to JC Penney; the CDV indicated that Wagner had been late with payment "6+ times."  JC Penney confirmed that the report was correct.  Wagner complained again to TRW, another CDV was sent out, and JC Penney again confirmed the information.  At this time, the employment line was changed from "psychological services" to "Bottlecap Lounge."  Wagner complained, and the employment information was corrected.

*Discussion*

This Court reviews a district court's grant of summary judgment *de novo*, applying the same standard as did the district court.[2]  Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[3]

---

[2]Neff v. American Dairy Queen Corp., 58 F.3d 1063, 1065 (5th Cir. 1995).

[3]Fed. R. Civ. P. 56(c) (1997).

The FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."[4]  The FCRA is to be liberally construed in favor of the consumer.[5]

> The legislative history of the FCRA reveals that it was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner.[6]

This Court has previously noted the distinction between "accurate information" and "maximum possible accuracy."[7]  In *Pinner v. Schmidt*, this Court found that a notation of "Litigation Pending" was ambiguous, and could easily be construed to indicate that the plaintiff was being sued by the company, while the situation was actually the reverse.[8]  The Court found that "[i]t would have been a simple matter to prevent this ambiguity," and that this was sufficient to uphold a jury verdict

---

[4]15 U.S.C. § 1681e(b) (1998).

[5]Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 1333 (9th Cir. 1995).

[6]*Id.* (citations omitted).

[7]Pinner v. Schmidt, 805 F.2d 1258, 1262 (5th Cir. 1986).

[8]*Id.*

3

in favor of the plaintiff.[9]  The standard used by the court was "what a reasonably prudent person would do under the circumstances."[10]  Wagner argues that TRW's use of "or more" was unreasonably ambiguous because it could mean that she was late 6, 10, or 100 times.  However, in contrast with the entry at issue in *Pinner*, the "or more" notation, although imprecise, is neither inaccurate nor open to an interpretation that is directly contradictory to the true information.

Wagner also argues that TRW violated the FCRA by entering incorrect employment information.  However, Wagner has presented no evidence that the erroneous information was ever disclosed to a third party.  No case has extended FCRA damages to include pain and suffering damages based on information that a credit reporting agency never provided to any third party .[11]

---

[9]*Id.* at 1262-63.

[10]*Id.* at 1263.

[11]*See* Casella v. Equifax Credit Info. Servs., 56 F.3d 469, 474-75 (2d Cir. 1995) (holding that the plaintiff was not entitled to any damages for pain and suffering simply because plaintiff knew there was inaccurate information on plaintiff's credit report, because that information was not conveyed to any third party); Hyde v. Hibernia Nat. Bank, 861 F.2d 446, 449 (5th Cir. 1988) ("The statute does not allow suit against the credit agency for creating, possessing, or revealing to a consumer credit files containing erroneous information.").  *Cf.* Stevenson v. TRW, Inc., 987 F.2d 288, 297 (5th Cir. 1993) (allowing recovery where plaintiff was denied credit three times and experienced considerable embarrassment from having to discuss his problems with business associates and creditors).

Wagner also claims that TRW violated the FCRA by not disclosing the source of this inaccurate employment information. The FCRA states that "[e]very consumer reporting agency shall, upon request [and proper identification of any consumer], clearly and accurately disclose to the consumer . . . [t]he sources of the information."[12] Courts have previously rejected attempts by a credit agency to simply plead ignorance.[13] Although this issue was mentioned in the recitation of the facts in the complaint, the plaintiff did not specifically plead a violation of § 1681g(a)(2) in the complaint, nor did the plaintiff raise the issue in its response to TRW's motion for summary judgment. This Court will not consider arguments that were not presented to the district court.[14]

Because Wagner has not presented evidence of an actionable claim of actual damages, we do not reach the issue of punitive damages.

AFFIRMED

---

[12]15 U.S.C. § 1681g(a)(2); Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 1334 (9th Cir. 1995).

[13]*See* Guimond, 45 F.3d at 1334.

[14]Williams v. Time Warner Operation, Inc., 98 F.3d 179, 183 (5th Cir. 1996).