# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 99-10548
Summary Calendar
_____

DEEN T. WILLIAMSON,

Plaintiff-Appellant,

versus

DALLAS INDEPENDENT SCHOOL DISTRICT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:96-CV-2760-T)
_____

January 27, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Deen T. Williamson, *pro se*, appeals the summary judgment granted the Dallas Independent School District (DISD) on her Title VII race discrimination and retaliation claims, including contending that the court abused its discretion by ruling without allowing her further discovery. (Her pending motions are **DENIED**.)

Williamson, a white teacher in a predominantly black elementary school, was terminated for making inappropriate remarks to her students, during a class discussion of the "Million Man March" and its promoter, and later to her co-workers. While contesting her termination through the lengthy administrative

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

process provided for under Texas law, Williamson filed this action; she subsequently requested, and the court granted, a stay until the administrative appeal was final. The termination decision by DISD was upheld ultimately; having failed to properly serve an indispensable party, her appeal to state district court was dismissed for lack of subject matter jurisdiction.

Williamson's appeal in this action centers on DISD's motion for a stay of discovery pending a ruling on its summary judgment motion (filed simultaneously), in which it contended that Williamson was collaterally estopped from relitigating facts previously determined in the administrative proceedings, and thus, as a matter of law, could *not* meet her summary judgment burden. In that motion, DISD "agree[d] to a reasonable period of time for discovery" *if* the court ruled against it on the collateral estoppel issue.

Noting Williamson's concern about her ability to conduct further discovery, the court, in ordering an expedited response to the stay motion, clarified that the parties would be allowed additional discovery *if* it denied summary judgment. Williamson, then represented by counsel, withdrew her objection; and the stay was granted.

In granting summary judgment, the court held that neither the previous administrative proceedings, nor the state district court's final judgment, barred the Title VII claims; however, finding that DISD had also raised the underlying merits, the court ruled that Williamson's affidavit, submitted in opposition to summary

judgment, was insufficient to rebut DISD's legitimate, non-discriminatory reason for termination.

Williamson contends that the court "violat[ed] the purpose of its own order" when it went beyond the collateral estoppel issue; however, she does *not* contend that she did *not* have notice that the court would consider the merits.

Indeed, in her opposition to DISD's summary judgment motion – in which it contended that Williamson could *not* show pretext – Williamson asserted that her 20-page affidavit supported her race discrimination claims. DISD's reply to her response further evidenced that the merits were before the court: in it, DISD asserted that Williamson's affidavit was inadequate to rebut DISD's legitimate, non-discriminatory reason.

In addition, after the summary judgment was granted, Williamson contended, in a FED. R. CIV. P. 59 motion prepared by her attorney, that her affidavit was sufficient summary judgment evidence because it contained factual assertions, as well as her own conclusions. Believing that her attorney would *not* timely file that motion, Williamson, *pro se*, filed a motion for an extension of time to file the Rule 59 motion, in which she asserted that she had presented sufficient evidence to show pretext.

Noting that Williamson did *not* point to any specific evidence in opposition to summary judgment, but only to "the record as a whole", and that her affidavit, which "gave a narrative of her version of the relative events", was insufficient to overcome her

summary judgment burden, the court denied the post-summary judgment motions.

Although Williamson did *not* file a FED. R. CIV. P. 56(f) motion for a continuance, her contention that she should have been allowed additional discovery is analogous to an appeal of a denial of a 56(f) motion.  A continuance is warranted only if the movant demonstrates why more discovery is needed, and how it will create a material fact issue.  ***Stearns Airport Equip. Co. v. FMC Corp.***, 170 F.3d 518, 535 (5th Cir. 1999); *see **United States v. Bloom***, 112 F.3d 200, 205 n.17 (5th Cir. 1997).  As DISD points out, the district court docket reflects that Williamson had adequate time for discovery – from  October 1996 until June 1997, when she requested a stay, and from July 1998, when the case was reactivated, until February 1999, when DISD moved for a stay.

In district court, Williamson did *not* raise her contention that the court should *not* have ruled on the merits, and neither there nor here, has she explained what further discovery she would undertake, how it would create a genuine issue of material fact, or how she was prejudiced without such discovery.  *See **Fontenot v. Upjohn Co.***, 780 F.2d 1190, 1193-94 (5th Cir. 1986); *see also **Williams v. Time Warner Operation, Inc.***, 98 F.3d 179, 183 (5th Cir. 1996) (refusing review of contention raised for first time on appeal).

Reviewing the summary judgment record *de novo*, and in the light most favorable to Williamson, we conclude that her conclusory affidavit is insufficient to create a material fact issue on

whether DISD's reason for termination was a pretext for race discrimination. *See* **Grimes v. Texas Dep't of Mental Health & Mental Retardation**, 102 F.3d 137, 139-40 (5th Cir. 1996); **Armendariz v. Pinkerton Tobacco Co.**, 58 F.3d 144, 153 (5th Cir. 1995) (noting that "subjective belief" that discrimination has occurred is insufficient to create jury question).

**AFFIRMED**