IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-50182
Summary Calendar

_____


BILLY R. EDWARDS,

Plaintiff-Appellant,

versus

TOGO D. WEST, Secretary,
Department of Veterans Affairs,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Western District of Texas
USDC No. W-99-CA-029

_____

July 13, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Billy Edwards, pro se, has brought a race discrimination claim against Togo West, Secretary for the Department of Veterans Affairs, seeking $750,000,000. Edwards charges that he was denied a promotion to "Supervisory Clerk" due to race discrimination. The district court ruled for West on summary judgment, holding that Edwards had failed both to establish a prima facie case of

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discrimination and to carry his burden of proving that the reasons given for denying Edwards the job were not merely pretextual. Edwards appeals this judgment. For the reasons stated herein, the district court decision is affirmed.

I

In the summer of 1996, Edwards, an African-American, was a Food Service Worker at the Marlin Integrated Clinical Facility of the Department of Veterans Affairs Central Texas Veterans Health Care System. His duties consisted mainly of checking patient's food trays, delivering them, and cleaning the kitchen. The level of this position was "GS-2," with Wage Grade 2, step 2.

On June 11, 1996, Edwards responded to Job Notification #96-68 and applied for the position of Supervisory Clerk, Customer Services, GS 303-8, Target 10. Twenty-one people applied for the job. Eight were African-American, eleven were white, and two were Hispanic.

Guadalupe Gonzalez in the Human Resources Management office reviewed Edwards's application. She sent Edwards a memo explaining that he lacked the required experience on July 19, 1996. Of the six people later referred for the position, two were African-American.[1] At least five had prior supervisory experience.

---

[1] A referral list, often referred to as the "best qualified list," is a list of those qualified and eligible applicants who have undergone a further, more stringent screening process.

Edwards filed a complaint with the EEOC, but the EEOC ultimately denied him relief. Edwards then brought suit in federal court, charging violations of Title VII.[2] The district court dismissed on summary judgment, holding both that Edwards had failed to establish a prima facie case and that the reason for denying him referral was not pretextual. Edwards filed a timely appeal.

## II

### A

Because we are reviewing a summary judgment determination, we use the same standard as the one employed by the district court. Williams v. Time Warner Operation, Inc., 98 F.3d 179, 181 (5th Cir. 1996). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We construe all evidence in the light most favorable to the non-moving party without weighing the evidence, assessing its probative value,

---

Edwards's complaint is that he was not on this list, and was therefore not ultimately offered the position.

[2]Edwards also brought claims based on 42 U.S.C. § 1981. But as the district court noted, because Edwards was a federal employee, Title VII provides the exclusive scheme for charges of employment discrimination. Pfau v. Reed, 125 F.3d 927, 932 (5th Cir. 1997).

or resolving any factual disputes.  See <u>Lindsey v. Prive Corp.</u>, 987 F.2d 324, 327 n.14 (5th Cir. 1993).

B

We agree with the conclusion reached by the district court. Edwards has presented no evidence suggesting that his qualifications were commensurate with those of the people that were referred.  As West points out, Edwards lacked supervisory experience.  Nor has Edwards produced a shred of evidence suggesting that his rejection was based on his race.  Because Edwards has to present a genuine issue of material fact, the resolution of which would entitle a jury to rule in his favor, summary judgment was appropriate.

III

For the reasons stated herein, the district court's judgment is

A F F I R M E D.