**Steven ANDERSON, Plaintiff,**

v.

**PARK PLACE MOTORCARS, LTD., Defendant.**

**No. CIV. A. 399CV1547P.**

United States District Court, N.D. Texas, Dallas Division.

March 30, 2001.

Robert Edward Goodman, Jr, Law Office of Robert Goodman, Dallas, TX, Michael C O'Toole, Mark G Falkin, Falkin & O'Toole, Dallas, TX, for plaintiff.

Ronald M Gaswirth, Stuart Edmund Blaugrund, Carolyn Jo McFatridge, Rayna E Habel, Celeste R Yeager, Gardere Wynne Sewell, Dallas, TX, for defendant.

## MEMORANDUM OPINION AND ORDER

SOLIS, District Judge.

Presently before the Court are:

1. Defendant Park Place Motorcars' Motion for Summary Judgment, with supporting brief and appendix, filed March 17, 2000;

2. Plaintiff Steven Anderson's Response to Defendant's Motion for Summary Judgment, with supporting brief and appendix, filed April 24, 2000;

3. Defendant Park Place Motorcars' Reply brief to the summary judgment motion, filed May 5, 2000;

4. Defendant Park Place Motorcars' Motion to Strike and Objections to Plaintiff's summary judgment evidence, filed May 5, 2000;

5. Plaintiff Steven Anderson's Response to Defendant's Motion to Strike and Objections, filed May 23, 2000; and

6. Defendant Park Place Motorcars' Reply, filed June 7, 2000.

For the reasons set forth below, Park Place Motorcars' Motion for Summary Judgment is DENIED. As noted throughout this Order, the Court DENIES Defendant's objections to the evidence relied upon by the Court and DENIES AS MOOT the objections to evidence upon which the Court did not rely.

## BACKGROUND

Plaintiff Steven Anderson ("Anderson" or "Plaintiff"), a 51 year-old white male, alleges that his employer, Defendant Park Place Motorcars, Ltd. ("Park Place" or "Defendant") discriminated against him in violation of the Age Discrimination in Employment Act of 1967, as amended 29 U.S.C. § 621, et seq. ("ADEA"). Specifically, Anderson claims that, after having worked for Park Place as a car salesman since December 19, 1991, he was terminated on March 1, 1999, on the basis of age. Park Place responds that Anderson was terminated due to his repeated failure to meet performance requirements. After filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Plaintiff received a Notice of Right to Sue from the EEOC on April 9, 1999. Plaintiff then initiated the present action on July 8, 1999. Park Place now moves for summary judgment.

## DISCUSSION

### I. SUMMARY JUDGMENT STANDARD

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). All evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). The moving party bears the burden of informing the district court of the basis for its belief that there is an absence of a genuine issue for trial, and of identifying those portions of the record that demonstrate such an absence. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548.

Once the moving party has made an initial showing, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The party defending against the motion for summary judgment cannot defeat the motion unless he provides specific facts that show the case presents a genuine issue of material fact, such that a reasonable jury might return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Mere assertions of a factual dispute unsupported by probative evidence will not prevent summary judgment. *Id.* at 248–50, 106 S.Ct. 2505; *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 619 (5th Cir.1993). In other words, conclusory statements, speculation and unsubstantiated assertions will not suffice to defeat a motion for summary judgment. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir.1996) (en banc). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case, and on which he bears the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548.

Finally, the Court has no duty to search the record for triable issues. *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 403 (6th Cir.1992). The Court need only rely on the portions of submitted documents to which the non-moving party directs. *Id.*

## II. DEFENDANT'S OBJECTIONS AND MOTION TO STRIKE

Defendant has filed a motion in which it seeks to strike substantial portions of Plaintiff's summary judgment evidence, primarily on the grounds that the evidence is not based upon the affiant's personal knowledge, lacks foundation, is inadmissible hearsay, is unsubstantiated, speculative, and conclusory. Because the Court has found it unnecessary to rely upon several portions of the challenged evidence, it need not consider Defendant's objections at this time. Instead, insofar as it may be necessary, this Order will address specific objections to those portions of the disputed evidence that the Court regards as relevant to the resolution of the particular summary judgment issues.[1] The remaining portions of Defendant's objections and motion to strike are DENIED as MOOT.

## III. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### A. AGE DISCRIMINATION CLAIM

### 1. LEGAL STANDARD UNDER THE ADEA

The ADEA makes it unlawful for an employer to discriminate against an individual on the basis of age. 29 U.S.C. § 623(a)(1) (1999).[2] The basic framework for analyzing employment discrimination claims under Title VII of the Civil Rights Act of 1964 was originally set out by the U.S. Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and was elaborated upon in *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). While these cases analyzed Title VII employment discrimination, claims brought under the ADEA are subject to the same standards. *See O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 311, 116 S.Ct.

---

**1.** The Court's rulings on Park Place's specific objections will be addressed *infra*.

**2.** 29 U.S.C.A. § 623(a) reads as follows: "It shall be unlawful for an employer—(1) to fail or refuse to hire or to discharge any individu-

al or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. § 623(a)(1) (1999).

1307, 134 L.Ed.2d 433 (1996); *Bodenheimer v. PPG Indus., Inc.,* 5 F.3d 955, 957 n. 4 (5th Cir.1993).

The ultimate issue in a case of discrimination under the ADEA is whether the Plaintiff's age was a factor in an adverse employment decision against him. *Rhodes v. Guiberson Oil Tools,* 39 F.3d 537, 542 (5th Cir.1994). Under the *McDonnell Douglas/St. Mary's* burden-shifting framework, a plaintiff must first establish a prima facie case of discrimination by a preponderance of the evidence. *St. Mary's,* 509 U.S. at 506, 113 S.Ct. 2742. Such a prima facie case is established if the plaintiff provides evidence that: (1) he was within a protected class, i.e. he was forty (40) years of age or older; (2) he was qualified for the position; (3) he suffered an adverse employment action, such as being terminated; and (4) the position was filled by a similarly situated employee from outside the protected class or by an employee who was substantially younger than the plaintiff. *See O'Connor v. Consolidated Coin Caterers Corp.,* 517 U.S. 308, 312–13, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996); *Stults v. Conoco, Inc.,* 76 F.3d 651, 656, n. 2 (5th Cir.1996); *Meinecke v. H & R Block,* 66 F.3d 77, 83 (5th Cir.1995); *Armendariz v. Pinkerton Tobacco Co.,* 58 F.3d 144, 149 (5th Cir.1995), *cert. denied,* 516 U.S. 1047, 116 S.Ct. 709, 133 L.Ed.2d 664 (1996).

If Plaintiff successfully establishes a prima facie case, he has raised a rebuttable presumption of age discrimination and shifted the burden to Defendant to articulate a legitimate, non-discriminatory reason for its termination of Plaintiff. *St. Mary's,* 509 U.S. at 506, 113 S.Ct. 2742. If Defendant satisfies this burden of production, Plaintiff must then present evidence that Defendant's proffered reason is actually a pretext for discrimination and that the termination was in fact informed by discriminatory motives. *Id.* at 507, 113 S.Ct. 2742; *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252–55, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Thus, Defendant's successful rebuttal of the presumption created by the prima facie case requires Plaintiff to present more specific evidence supporting his allegation of discriminatory intent. *See Williams v. Time Warner Operation, Inc.,* 98 F.3d 179, 181 (5th Cir.1996).

Plaintiff can avoid summary judgment if the evidence, *taken as a whole,* (1) creates a fact issue as to whether each of Defendant's stated reasons were the actual motivation for its termination of Plaintiff; and (2) creates a reasonable inference that his age was a determinative factor in the firing. *See, e.g., Rhodes v. Guiberson Oil Tools,* 75 F.3d 989, 994 (5th Cir.1996) (en banc). The ultimate burden of persuasion at trial, of course, rests squarely upon Plaintiff. *St. Mary's,* 509 U.S. at 508, 113 S.Ct. 2742; *Marcantel v. Louisiana Dep't of Transp. & Dev.,* 37 F.3d 197, 200 (5th Cir.1994).

## 2. APPLICATION OF THE LAW TO THE FACTS

Park Place argues that it is entitled to summary judgment on Anderson's age discrimination claim because (1) he has not established a prima facie case for age discrimination and, even where he has; (2) Defendant has a legitimate, non-discriminatory reason for Anderson's termination, i.e. his poor job performance; and (3) Anderson cannot establish that Defendant's decision to terminate his employment was pretext. For the following reasons, the Court denies Park Place's motion for summary judgment.

### a. Prima Facie Case

■ Park Place does not dispute that Anderson has satisfied the first three ele-

ments of a prima facie case of age discrimination. Rather, Park Place focuses on the fourth element of the prima facie case, arguing that Anderson "cannot establish a prima facie case of age discrimination, because he cannot establish that he was replaced by someone substantially younger." Def. Br. at 8. Park Place asserts that Anderson was replaced by Ned Ross. Def. Br. at 8; Baransi Aff., ¶ 5; Def.App. at 45. Ross began his employment with Park Place on March 1, 1999. Ross Aff., ¶ 3; Def.App. at 46. On that day, Ross was forty-seven (47) years old. Five days after being hired, Ross turned forty-eight (48). Ross Aff., ¶ 2; Def.App. at 46.

Anderson, on the other hand, states in his deposition testimony that three people of various ages were hired the day after he was terminated.[3] Anderson admits in his deposition that he does not know who of the three replaced him.[4] Now, in his Response to Defendant's Motion for Summary Judgment, Anderson alleges that he was replaced by Ken Alexander, who was rehired by Park Place on March 2, 1999. Plf. Br. at 10. Anderson further alleges

that Alexander was thirty (30) years old at the time of Anderson's termination. *Id.*

Neither Plaintiff nor Defendant, however, offers any evidence as to who replaced Anderson upon his termination. Each party simply offers their bald assertion that it was either Ross or Alexander.[5] Under a rigid application of the prima facie standard, Anderson's age discrimination claim would not be able to survive summary judgment on this issue because there is no explicit evidence that he was replaced by a similarly situated employee outside the protected class, or by an employee substantially younger than he. The Fifth Circuit, however, has reaffirmed that the failure to meet the replacement requirement of the prima facie case is not necessarily fatal to a plaintiff's claim. *See Nieto v. L & H Packing Co.,* 108 F.3d 621, 624 n. 7 (5th Cir.1997) (*citing Hornsby v. Conoco, Inc.,* 777 F.2d 243, 246–47 (5th Cir.1985)). In light of this standard, and absent any competent evidence that Park Place did replace Anderson with an employee within the protected class or close in age, the Court declines to hold at the

---

3.

Q: Okay. Who was hired to replace you?
A: Well, the day after I was fired, a lady was hired as a salesman. Another salesman came back to work there, named Alexander, and a guy from—from the suit store [Ned Ross]. I can't remember his name. There's three people that came in the next day.
Q: How do you know?
A: Well, I was there, picking up my stuff, when they were all there.
Q: Okay. What was this lady's age?
A: I would say she was 30 or under.
Q: Why do you think that?
A: She just appeared to be that.
Q: And how old was Alexander?
A: I would think he was under 35.
Q: Why do you think that?
A: Just appeared to be young.
Q: And the fellow from the suit store [Ross], how old was he?
A: I would think he was around 40.

Q: And why do you think that?
A: He just appeared to me to be that age.
Anderson Depo. at 72–73.

4.

Q: And how do you know which—that all three of these people replaced you?
A: Well, they were all three hired the day after I was terminated.
Q: But you don't really know which one of them was put into your slot?
A: I don't know who went into my office, no.
Anderson Depo. at 73.

5. · Anderson relies on excerpts from Baransi's and Grossman's depositions as evidence of his contention that Alexander was his replacement. *See* Plf. Br. at 3 (citing Baransi Depo. at 47–48, Exh. 5, 8, Grossman Depo. at 18, 25–26). However, a review of the cited deposition testimony reveals no support for such a contention.

summary judgment stage that Anderson has failed to establish a prima facie case of age discrimination.

### b. Non-discriminatory Reason and Pretext

■ The burden of production now shifts to Park Place to articulate a legitimate, non-discriminatory reason for Anderson's termination. To satisfy this burden of production, Park Place asserts that it fired Anderson due to his repeated failure to meet its minimum production requirements. Def. Br. at 9. It is undisputed and well-documented that Anderson received warnings and written reprimands, and was placed on probation five times in three years for failing to meet the ninety (90) day rolling average requirement.[6] Specifically, on February 25, 1999, Anderson was place on probation for the fifth time and informed that he needed to sell and deliver eight cars in February and eight cars in March. When Anderson failed to deliver the minimum number of

cars required for February, he was terminated on March 1, 1999.

In response, even though Anderson admits he failed to meet the ninety (90) day rolling average, he claims that Defendant's conduct is pretext because it applied its probation policy and sales requirements in a discriminatory manner. Specifically, Plaintiff asserts that other individuals who were substantially younger than he should have been placed on probation for not meeting the rolling average requirement and were not. Plf. Br. at 12. To support his contention, Anderson cites numerous incidents when younger employees should have been placed on probation for failure to meet the rolling average requirement and were not.[7] In fact, Anderson states that Defendant inconsistently applied its policies by not placing individuals on probation if that particular employee had sufficient deals in the works or if that individual's gross average was high enough. Plf. Br. at 11. Based on this evidence, the Court agrees with Plaintiff that Park Place did not enforce its probation policy and

---

**6.** Park Place requires that, for any three-month period, all sales personnel must average selling and delivering seven or eight cars per month ("the 90-day rolling average"). Def. Br. at 3; Def.App. at 37–40. If a salesman's prior three months' sales are averaged and do not meet the minimum production requirement, the salesperson is placed on probation. Def.App. at 34. Throughout the probation period, the salesperson is subject to termination any time he/she does not sell the minimum number of cars required. Def.App. at 45.

**7.** Plaintiff states that the following employees should have been placed on probation for not meeting the rolling average requirement, but were not:
*Year 1999*
Alexander [age 30]—2 times (Sept.-Nov., Oct.-Dec.);
Smith [age 30]—1 time (Apr.-June);
Hampton [age 28]—4 times (Jan.-Mar., July–Sept., Aug.-Oct., Sept.-Nov.);
*Year 1998*

Graham [age 35]—2 times (Jan.-Mar., Feb.-Apr.);
Arnold [age 34]—2 times (July–Sept., Sept.-Nov.);
Smith [age 30]—1 time (Sept.-Nov.);
Hampton [age 28]—6 times (Jan.-Mar., Feb.-Apr., Mar.-May, July–Sept., Aug.-Oct., Sept.-Nov.);
*Year 1997*
Lagerstrom [age 36]—1 time (July–Sept.);
Graham [age 35]—6 times (Mar.-May, Apr.-Jun., May–July, July–Sept., Sept.-Oct.);
Arnold [age 34]—6 times (Jan.-Mar., Feb.-Apr., Mar.-May, July–Sept., Aug.-Oct., Sept.-Nov.);
Smith [age 30]—8 times (Jan.-Mar., Feb.-Apr., Apr.-Jun., May–July, June–Aug., July–Sept., Aug.-Oct., Sept.-Nov.);
Hampton [age 28]—3 times (Aug.-Oct., Sept.-Nov., Oct.-Dec.).
*See* Plf.App., Exh. 6, 1997 New Car Sales Report; Exh. 7, 1998 New Car Sales Report; Exh. 8, 1999 New Car Sales Report.

sales requirements uniformly. Without question, it appears that Park Place had discretion as to when it enforced the production quotas and when it did not.

For this reason, the Court is not convinced that Park Place fired Anderson for the stated reason, namely that Anderson did not meet the minimum production requirements. First, it is uncontroverted that Defendant placed Anderson on probation on February 25, requiring him to sell and deliver eight cars in February and eight cars in March. Effectively, Park Place only gave Anderson three days in February in which to sell and deliver eight cars for the month.[8] If Park Place had intended to give Anderson adequate opportunity to meet the minimum production requirement, it would have placed Anderson on probation at the beginning of February or waited until March, giving him an entire month to sell and deliver the number of cars needed. Giving an employee only three days in which to sell and deliver eight cars is not consistent with non-discriminatory motives.

Second, although Park Place contends that Anderson was terminated for failure to meet the rolling average requirement, he consistently sold and delivered at least eight cars per month when averaged on a yearly basis.[9] Park Place responds to this argument by stating that the yearly average is irrelevant. The Court disagrees. As a car salesman, Anderson was required to sell and deliver, on average, seven to eight cars per month. Ultimately, Anderson always met this quota. Once again, it is inconsistent for a employer to fire an employee who consistently meets its production quota. In addition, in Anderson's 1997 performance review, he received a productivity rating that "[v]olume of work meets and at time [sic] exceeds job requirements. Work is normally completed on or ahead of deadlines or schedules."[10] Plf.App., Exh. 9. Although other reasons may exist for Anderson's discharge, the Court must analyze whether Park Place's proffered reason, i.e. that Anderson was not meeting production requirements, is pretext. Indeed, the Court finds that a reasonable jury could find that Park Place's explanation for Anderson's termination is pretextual and that its true motivation was discriminatory intent. Accordingly, the Court denies Park Place's motion for summary judgment.

## CONCLUSION

The Court has considered all of the summary judgment evidence pertaining to Plaintiff's claim of age discrimination.[11] For the reasons stated above, Anderson has established a prima facie case of age discrimination and has demonstrated a fact issue as to whether Park Place's stated reason for his discharge was pretextual.

Accordingly, the Court hereby DENIES the Defendant's Motion for Summary Judgment as to Plaintiff's claim under the ADEA. In addition, as noted throughout this Order, the Court DENIES Defendant's objections to the evidence relied

---

8. Park Place terminated Anderson's employment on March 1, 1999.

9. Anderson sold an average of 8.5 cars per month for the year 1997, and 8.0 cars per month for the year 1998. *See* Plf.App., Exh. 6, 7.

10. Anderson's 1998 performance review had not yet been conducted.

11. Plaintiff does not present any arguments or brief any of the issues pertaining to the theories of hostile work environment or disparate impact in his Complaint or in his Response to Defendant's Motion for Summary Judgment. Because Anderson does not pursue his age discrimination claim under either of these theories, the Court need not address the arguments made by Defendant in its Motion.

upon by the Court and DENIES AS MOOT the objections to evidence upon which the Court did not rely.

**So Ordered.**