ACCEPTED
13-15-00115-cv
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
12/21/2015 12:00:00 AM
Dorian E. Ramirez
CLERK

## CAUSE NO. 13-15-00115-CV

In the

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
12/21/2015 8:00:00 AM
DORIAN E. RAMIREZ
Clerk

Thirteenth Court of Appeal of Texas

Corpus Christi-Edinburg

*Julie T. Chau, Appellant*

*v.*

*Prime Healthcare Services d/b/a Harlingen Medical Center, Appellee*

Appellee's Brief

ROSEMARY CONRAD-SANDOVAL
State Bar No. 04709300

ROERIG, OLIVEIRA & FISHER, LLP
10225 N. 10th St.
McAllen, Texas 78504
(956) 393-6300
(956) 386-1625 fax

Attorneys for Appellee
Prime Healthcare Services d/b/a Harlingen
Medical Center

# TABLE OF CONTENTS

Table of Contents……..…………………………………………………….i

Index of Authorities .. .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..iii

Statement of the Case .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . .1

Issues Presented for Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Argument and Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

    1.  The trial court did not err in granting Harlingen Medical Center's Second Motion for Summary Judgment because there are no genuine issues of material fact on Plaintiff's claim for age, national origin, and/or race discrimination, and the hostile work environment claims and Appellee was entitled to Summary Judgment as a matter of law.. . . . . . . . . . . . . .8
        A.   Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8
        B.   Analysis of Employment Discrimination Claims . . . . . . . . . . . . . . . 8
        C.   Age Discrimination Claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
            a.)   Appellant has no evidence of age discrimination . . . . . . . . . . . 9
        D.   Racial National Origin Discrimination . . . . . . . . . . . . . . . . . . . . . . 9
            a.)   Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9
            b.)   Prima facie case . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10
            c.)   Stray Comment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
        E.   Hostile Work Environment. . . . . . . . . . . . . . . . . . . . . . . . . . . . .15
        F.   Legitimate Termination . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16
        G.   Termination was not Pre-textual . . . . . . . . . . . . . . . . . . . . . . . . . 17

    2.  The trial court did not err in granting Harlingen Medical Center's Second Motion for Summary Judgment on the issue of retaliation because there were no genuine issues of material fact and as a result Appellee was entitled to Summary Judgment as a matter of law and the Judgment should be affirmed. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
        A.   Retaliation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
        B.   Appellant did not engage in a protected activity . . . . . . . . . . . . . . .21
        C.   No causal connection . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .21
        D.   Pretext . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .26

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

# INDEX OF AUTHORITIES

## Cases

*Azubuike v.Fiesta Mart, Inc.* …………………………………………………..21
*870 S.W.2d 60, 65 (Tex. App. Houston [14ᵗʰ dist. 1998, no pet.)*

*Bartosh v. Sam Houston University* ……………………………………………15
*259 S.W.2d 317, 324 (Tex App Texarkana 2008, pet. denied).*

*Booker v. City of Austin* …………………………………………………..11
*2013 WL 1149559 (Tex. App. Mar. 13, 2013)*

*Burlington N. & Santa Fe Ry. Co. v. White* …………………………………13, 14
*548 U.S. 53, 68, 126 S.Ct. 2405, 165 LEd2d 345 (2006)*

*Cal-Western Packaging Corp.,* …………………………………………….19
*602 F.3d 374, 379 (5ᵗʰ Cir. 2010)*

*Caballero v. Central Power & Light,* ……………………...……………….9
*858 S.W.2d 359, 361 (Tex. 1993).*

*Chandler v. CSC Applied Technologies LLC* ……………………….14, 20, 22, 24
*376 S.W.3d 802 (Tex App Houston [1ˢᵗ Dist.] 2012, pet. denied).*

*Crutcher v. Dallas Indep. Sch. Dist.,* …………………………………...…23
*410 S.W.3d 487, 498 (Tex. App. – Dallas 2013, no pet.)*

*Dias v. Goodman Mfg. Co., LP,* ……………………………………………..20
*214 S.W.3d 672, 676 (Tex. App. – Houston [14ᵗʰ Dist.] 2007, pet. denied.)*

*Elgahill v. Tarrant County Junior College,* …………………………………14, 17
*45 S.W.3d 133, 140 (Tex. App. Ft. Worth 2000, pet. denied)*

*Esparza v. University of Texas El Paso,* ……………………...…………21
*2015 WL 4711612*

*Farrignton v. Sysco Food Services*…………………………………...…….24
*865 S.W. 2d 247 (Tex.App – Houston [1ˢᵗ Dist.] 1993, writ denied)*

*Ford Motor Co. v. Ridgeway* …………………………………………...8

*135 S.W.3d 598, 600 (Tex. 2004).*

*Greathouse v. Alvin Ind. Sch.Dist*………………………………………………………..24
*17 S.W 3d, 419, (Tex. App –Houston [1ˢᵗ Dist.] 2000, no pet)*

*Grimes v. Texas Dept. of Mental Health and Mental Retardation*………..………18
 *102 F.3d 137, 141 (5ᵗʰ Cir. 1996)*

*Herbert v. City of Forest Hill* …………………………………..……………17, 22
*189 S.W.3d 369 (Tex. App – Ft Worth, 2006 no pet.)*

 *LeMaire v. Louisiana Dept. of Transp. & Deb.* …………………………………18
*480 F.3d 383, 391 (5ᵗʰ Cir. 2007)*

*Little v. Republic Refining Co.,* ………………………………………………..17
*924 F.2d 93, 97 (5ᵗʰ Cir. 1991)*

*Mayberry v. Vought Aircraft Co.,* ……………………………………………….17
*55 F.3d 1086, 1091 (5ᵗʰ Cir. 1995)*

*McDonnell Douglas v. Green;* ……………………………………………….9, 10
*411 U.S. 792, 802-804; 93 S.Ct. 1817, 36 Led 2d 668 (1973)*

*Nairn v. Kileen Ind. Sch. Dist* ……………………………………………………16
*366 S.W.3 229, 245 (Tex. App. El Paso, 2012 no pet).*

*Niu v. Revcor Molded Products Co.,* ……………………………………..……..20
*206 S.W.3d 723, 731 (Tex. App. Ft. Worth 2006, no pet.)*

*Okoye v. University of Texas Health Sci. Center* …………………………………11, 12
*245 F.3d 507, 514 (5ᵗʰ Cir. 2001).*

*Perez v. Texas Dept of Crim Justice* …………………………………………..11
*395 F.3d 206, 210 (5ᵗʰ Cir. 2004)*

*Provident Life & Accident Ins. Co., v. Knott* …………………………………….8
*128 S.W.3d 211, 216 (Tex. 2003)*

*Quantum Chem Corp. v. Toennies* ………………………………………………..9
*47 S.W.3d 374, 474 (Tex. 2001).*

*Reeves v. Sanderson Plumbing Prods., Inc.,* ……………………………………23
*530 U.S. 133, 143 (2000);*

*Sandstad v. CB Richard Ellis, Inc.,* ………………………………………………23
*309 F.3d 893, 899 (5ᵗʰ Cir. 2002).*

*Scales v. Slater* ………………………………………………………………………17
*181 F.3d 703, 709 (5ᵗʰ Cir. 1999)*

*Schroeder v. Texas Iron Works,* ………………………………………………..10
*813 S.W.2d 483, 485 (Tex. 1991).*

*Star Telegram Inc., v. Doe*..................................................................8
*915 S.W.2d 471, 472 (Tex. 1995)*

*Strong v. Univ. Healthcare Sys. LLC,* …………………………………….…24
*482 F.3d 802, 808 (5ᵗʰ Cir. 2007)*

*Univ. of Tex. SW Med. Ctr. v. Nassar,* …………………….………………22
*__ U.S. __; 133 S.Ct. 2517; 18 L.Ed.2d 503 (2013).*

*Waggoner v. City of Garland,* …………………………………………...….14
*987 F.2d 1160, 1166 (5ᵗʰ Cir. 1993)*

*Wallace v. Methodist Hospital System,* ………………………………………..11
*271 F 3d 221 (5ᵗʰ Cir. 2001);*

*Walmart Stores v. Canchola,* ……………………………………….……10
*121 S.W.3d 735, 739 (Tex. 2003).*

*Warrick Motiva Enterprises, LLC* ……………………………………………21
*2014 WL 7405645 (Tex. App. – Houston [1ˢᵗ Dist.] Dec. 30, 2014)*

*Williams v. Time Warner Operations, Inc.* ……………………………………10
*98 F.3d 179, 18 (5ᵗʰ Cir. 1996)*

*Yselta Indep. Sch. Dist. V. Monarrez,* ……………………………………11

*177 S.W.3d 915, 917 (Tex. 2005).*

Zuniga v City of San Antonio ……………………………………………..18
2014 WL 60929 (Tex. App. San Antonio January 8, 2014; rev. denied)

## STATUTES

*Tex. Labor Code § 21.051 (TCHRA)*……………………………..………..8

*Tex. Labor Code Ann. § 21.055*…………………………………………….20

*42 U.S.C.A. § 2000e et. seq.* …………………………………………….8, 9

TO THE HONORABLE COURT OF APPEALS:

Appellee, Prime Healthcare Services d/b/a Harlingen Medical Center (hereinafter referred to as "Harlingen Medical Center") files its Reply to Appellant's Brief and requests that the Court affirm the trial court's ruling on the Motion for Summary Judgment and the corresponding dismissal of the case as all issues between the parties have been decided. Harlingen Medical Center would show the Court the following:

## STATEMENT OF THE CASE

Appellee would modify the statement of the case presented by Appellee to reflect that on April 3, 2013, Appellee filed a First Motion for Summary Judgment following written discovery. (CR 43-84) At that time, no depositions had been taken. That Motion for Summary Judgment was set for hearing by submission on May 8, 2013. Appellant did not timely respond to the Motion for Summary Judgment and filed a Motion for Leave to File Plaintiff's Response to Defendant's Motion for Summary Judgment along with Plaintiff's proposed response. (CR 89 - 94) The court held a hearing on the Motion for Leave on May 29, 2013. The court granted Plaintiff's Motion for Leave to late file her response to the Motion for Summary Judgment. (CR 95) The case was then set for submission on the summary judgment on June 10, 2013. Without hearing oral arguments, a visiting

-1-

trial court judge denied the Motion for Summary Judgment on September 18, 2013. (CR 88)

**ISSUES PRESENTED FOR REVIEW**

**Reply to Issue 1: The trial court did not err in granting Harlingen Medical Center's Second Motion for Summary Judgment because there are no genuine issues of material fact on Plaintiff's claim for age, national origin, and race discrimination, and the hostile work environment claims and Appellee was entitled to Summary Judgment as a matter of law.**

**Reply to Issue 2: The trial court did not err in granting Harlingen Medical Center's Motion for Summary Judgment on the issue of retaliation because there were no genuine issues of material fact and as a result Appellee was entitled to Summary Judgment as a matter of law.**

## STATEMENT OF FACTS

Appellant, Julie Chau, was hired by Elizabeth Izaguirre, Director of ICU Nursing at Harlingen Medical Center, on September 17, 2010. Ms. Chau represented herself as being a well-trained, experienced, competent registered nurse. She was employed a total of 67 days. During this brief tenure, she did not orient to the department, made multiple performance errors and blamed others for her shortcomings. After her discharge on November 23, 2010, Ms. Chau claimed age, race and national origin discrimination. She claimed she was subjected to a hostile work environment. (CR 68 – 70) The primary focus of her claim lies with a co-worker, Payton McCloskey, who was assigned as a preceptor to orient Chau to the hospital policies and procedures. Chau claims that on the first day of her employment, McCloskey made a comment about Chau's nationality and reportedly said she hated Filipinos, even though Chau is not a Filipino. (CR 202) No other racial remarks were made by McCloskey or anyone else. (CR 218)

During Chau's first month of employment, McCloskey observed performance issues which she reported to her supervisor, Elizabeth Izaguirre. Izaguirre had a meeting with Chau on or about October 21, 2010 and moved Chau to the day shift. Izaguirre wanted an opportunity to observe Chau herself and evaluate her performance first hand. During this meeting, for the first time, Chau expressed dissatisfaction with her preceptor, McCloskey. (CR 185 – 197)

Once moved to day shift, Chau's performance issues continued. The issues included pre-charting medication and unsanitary behavior in a patient's room reported by a physician. (CR 185 – 199) Due to these problems during her probationary period, Chau was legitimately terminated from her employment with Harlingen Medical Center on November 23, 2010. Ms. Chau's termination was not motivated by discrimination, harassment or retaliation. The trial court's ruling on Appellee's Second Motion for Summary Judgment is correct and should be affirmed.

## SUMMARY OF THE ARGUMENT

There are no genuine issues of material fact concerning this employment dispute. The trial court correctly granted Harlingen Medical Center's Second Motion for Summary Judgment. Appellant was terminated for legitimate, non-discriminatory reasons having nothing to do with her age, national origin or race. Appellant failed to raise a fact issue that Appellee's reasons for her termination were pre-textual.

The trial court correctly granted Harlingen Medical Center's Second Motion for Summary Judgment on Appellant's hostile work environment claim. The complaints Appellant raised concerning her work environment do not rise to the level of creating a hostile work environment as a matter of law.

The trial court correctly granted Harlingen Medical Center's Second Motion for Summary Judgment on Appellant's claim of retaliation. Appellant did not make an internal report of discrimination, and even if a comment about her inability to work with another nurse stated to her supervisor during the course of being counseled rises to a level of a protected complaint, this had nothing to do with Chau's ultimate termination. There was no causal nexus between the two events.

There were no genuine issues of material fact and Appellant established entitlement to judgment as a matter of law. The trial court's judgment should be affirmed.

ARGUMENT AND AUTHORITIES

**Reply to Issue 1: The trial court did not err in granting Harlingen Medical Center's Summary Judgment because there are no genuine issues of material fact on Plaintiff's claim for age, national origin, and race discrimination, and hostile work environment claims and Appellee was entitled to Summary Judgment as a matter of law.**

## A.    Standard of Review

When a party moves for summary judgment under both rules 166a(c) and 166a(i), the trial court's judgment is reviewed under the standards of rule 166a(i). *Ford Motor Co. v. Ridgeway 135 S.W.3d 598, 600 (Tex. 2004).* If Appellant failed to produce more than a scintilla of evidence under that burden then there is no need to analyze whether Appellee's summary judgment satisfied the less stringent rule 166a(c).

When the trial Court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, Summary Judgment will be affirmed on appeal if any of the theories advanced are meritorious. *Star Telegram Inc., v. Doe, 915 S.W.2d 471, 472 (Tex. 1995); Provident Life & Accident Ins. Co., v. Knott, 128 S.W.3d 211, 216 (Tex. 2003)*

## B.    Analysis of Employment Discrimination Claims

It is unlawful to discriminate against a person on the basis of their age, race or national origin under both Texas and federal law. *Texas Commission on Human Rights Act; Tex. Labor Code § 21.051 (TCHRA); and Title VII Federal Civil Rights*

*Act of 1964, 42 U.S.C.A. § 2000e et. seq.* The Texas legislature patterned the

TCHRA after federal law "for the express purpose of carrying out the policies of

Title VII of the Civil Rights Act of 1964 and its subsequent amendments.

*Quantum Chem Corp. v. Toennies 47 S.W.3d 374, 474 (Tex. 2001).* Thus, Texas

courts look to both the state statute and cases interpreting the analogous federal

provisions when analyzing claims brought under the TCHRA. *Id; Caballero v.*

*Central Power & Light, 858 S.W.2d 359, 361 (Tex. 1993).*

**C.**     **<u>Age Discrimination Claim</u>**

     **a.) <u>Appellant has no evidence of age discrimination</u>**

Appellant's counsel virtually conceded at the hearing on December 17,

2014, that he did not have a valid age discrimination claim. (RR p. 14) Other than

announcing the standard and establishing that Julie Chau was 63 years old,

Appellant has produced no evidence of age discrimination. Her own deposition

testimony failed to create a fact issue on this claim. (CR 156 – 157; 221) The trial

court correctly granted appellee's Second Motion for Summary Judgment on the

age discrimination claim.

**D.**     **<u>Racial National Origin Discrimination</u>**

     **a.) <u>The Standard</u>**

The well-known burden shifting analysis for employment discrimination

claims was set forth by the United States Supreme Court in *McDonnell Douglas v.*

*Green; 411 U.S. 792, 802-804; 93 S.Ct. 1817, 36 Led 2d 668 (1973)* This analysis is utilized for both Title VII and TCHRA claims. *Williams v. Time Warner Operations, Inc. 98 F.3d 179, 18 (5th Cir. 1996); Schroeder v. Texas Iron Works, 813 S.W.2d 483, 485 (Tex. 1991).* Specifically, to establish a prima facie case of race and/or national origin discrimination, a plaintiff must first establish that she (1) is a member of a protected class; (2) was qualified for the employment position; (3) she was subject to an adverse employment decision; and (4) was replaced by someone outside her protected class or treated less favorably than similarly situated members of the opposite class. If these criteria are established, the burden shifts to the defendant to show the termination or adverse employment decision was legitimate and non-discriminatory. If a legitimate reason for the adverse employment decision is proffered the burden shifts back to the plaintiff to establish that the articulated reason was merely a pretext for discrimination. Ultimately, the plaintiff must establish that her race and/or national original was a motivating factor in the employment decision. *Walmart Stores v. Canchola, 121 S.W.3d 735, 739 (Tex. 2003).*

**b.) Prima facie case**

Appellant did not set forth a prima facie case of race and/or national origin discrimination because she failed to establish she was replaced by someone outside the protected class or treated less favorably than a similarly situated member of the

opposite class. Here, appellant attempts to establish that she was treated dissimilarly than a nurse aide named Lily. Lily is not a proper comparator. Lily was a nurse aide and Appellant a registered nurse. A registered nurse such as Chau would have the right to direct a nurse aide. (CR 395) If Chau could supervise Lilly, they are not similarly situated.

The Texas Supreme Court has held that employees are similarly situated "if their circumstances are comparable in all material respects, including similar standards, supervisors, and conduct. *Yselta Indep. Sch. Dist. V. Monarrez, 177 S.W.3d 915, 917 (Tex. 2005).* The question of whether one or more employees are "similarly situated" should be considered "from the perspective of their employer at the time of the relevant employment decisions." *Perez v. Texas Dept of Crim Justice 395 F.3d 206, 210 (5ᵗʰ Cir. 2004) Booker v. City of Austin, 2013 WL 1149559 (Tex. App. Mar. 13, 2013)*

In order for Appellant to show disparate treatment, she must demonstrate that the "misconduct for which she was discharged was nearly identical to that engaged in by an employee not within her protected class, whom the company retained". *See Wallace v. Methodist Hospital System, 271 F 3d 221 (5ᵗʰ Cir. 2001); Okoye v. University of Texas Health Sci. Center 245 F.3d 507, 514 (5ᵗʰ Cir. 2001).*

Appellant complains that Lily asked Chau to assist her in cleaning a patient, but that Chau was too busy and suggested she seek help from others. Chau was subsequently blamed for not helping out. McCloskey recalls the incident differently and documented her recollections in an email to Elizabeth Izaguirre. (CR 394 – 396; 195); There is a clear difference of opinion as to what occurred with regard to the incident itself. (Compare CR 298 – 305 and 394 – 399) Regardless, Appellee would submit it wasn't the incident as to who should have done what task for the patient that was necessarily of concern—but Chau's reaction to it that caused the "write up". Lily didn't engage in a 30 minute tirade about the incident as Chau did. (CR 195, 398). A nurse aide is not nearly identical to a Registered Nurse. Their conduct vis-à-vis this incident was not the same. And, this incident was only one of a number of incidences contributing to the ultimate employment termination. (CR 188 – 192) In short, there is no comparison between the two employees. Chau cannot point to an individual with a different job, different duties and responsibilities as an example of disparate treatment. *See Okoye, supra.* Plaintiff has not established a prima facie case of race and/or national origin discrimination.

### c.) Stray Comment

With regard to her race/national origin claim; plaintiff relies almost exclusively on an alleged comment made by a co-worker about Filipinos on her

first day of employment. Specifically, Chau claims her preceptor, Payton McCloskey stated she didn't like Filipinos and questioned whether Chau was Filipino. (CR 202) McCloskey denied making any derogatory comments. No other nurse or hospital personnel made any comments regarding Chau's race. (CR 218) Additionally Chau complains that McCloskey was rude to her, didn't help her orient and made her do all the work while McCloskey read books or watched videos. She also opines that McCloskey's assessment of her work abilities was in error. There does appear to have been a conflict between the two nurses. Appellant contending that she did all the work, while her co-worker Payton McCloskey was rude, spent her time reading or playing videos and incorrectly assessed Appellant's performance. For her part, although McCloskey felt that Chau didn't have a good bedside manner and was rough with the patients; indicating after one incident involving Chau that she herself wanted to be fired rather than continue to mentor Plaintiff. (CR 231 – 232) McCloskey and Chau only worked together one month and then had no further interaction. (CR 219 – 220)

On or about October 21, 2010 Appellant was moved to day shift. No other workers made any comments about her race or national origin and Appellant never worked with McCloskey again. The sum total of these complaints does not amount to actionable conduct under Title VII. *Burlington N. & Santa Fe Ry. Co. v.*

*White 548 U.S. 53, 68, 126 S.Ct. 2405, 165 LEd2d 345 (2006)* (slights or minor annoyances that often take place at work and that all employees experience . . . . . personality conflict at work that generate antipathy and snubbing by supervisors and co-workers are not actionable under the law).

For workplace comments to provide sufficient evidence of discrimination, the comments must be (1) related to the plaintiff's protected class; (2) proximate in time to the adverse employment decision (3) made by an individual with authority over the employment decision at issue, and (4) related to the employment decision at issue. *Chandler v. CSC Applied Technologies LLC 376 S.W.3d 802 (Tex App Houston [1st Dist.] 2012, pet. denied).* The remark complained of by Appellee made on her first day of employment by a co-worker, does not establish discrimination as a matter of law. First, McCloskey wasn't a decision maker as it relates to Chau's termination. Once Chau moved to day shift they didn't work together again. The remark had nothing to do with the ultimate termination decision. Plaintiff has no evidence that the ultimate decision maker bore any animus toward her. (CR 222- 224) Indeed, Chau agreed that Izaguirre had not made any racial or ageist remarks. Stray remarks made in the work place by non-decision makers are not evidence of the employer's intent to discriminate. *Elgahill v. Tarrant County Junior College, 45 S.W.3d 133, 140 (Tex. App. Ft.*

*Worth 2000, pet. denied); Waggoner v. City of Garland, 987 F.2d 1160, 1166 (5th Cir. 1993) (*a mere stray remark is insufficient to establish race discrimination).

## E.    <u>Hostile Work Environment</u>

Appellant claims direct evidence of hostile work environment based on national origin based on this same alleged comment by McCloskey inquiring whether Chau was Filipino and stating she disliked Filipinos.  The record shows that McCloskey worked with Chau for less than a month.  At best, Chau can point to one alleged racial comment on the first day of employment.  Other than that, Chau's complaints amount to grievances between co-workers such as McCloskey being critical of her work, and treating her differently than a nurse's aide. Although the alleged racial comment was made on her first day of employment, Chau waited until her performance was being questioned to even raise the subject with her supervisor. (CR 185 – 186; 214)

A hostile work environment claim entails ongoing harassment based on the employees protected characteristics so sufficiently severe or pervasive that it has altered the conditions of employment and created an abusive working environment. *Bartosh v. Sam Houston University 259 S.W.2d 317, 324 (Tex App Texarkana 2008, pet. denied).*   To establish a prima facie case of hostile work environment discrimination an employee must establish:  (1) she was a member of a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment

complained of was based on the protected characteristic; (4) the harassment affected a term, condition or privilege of employment and (5) the employer knew or should have known of the harassment and failed to take remedial action. *Nairn v. Killeen Ind. Sch Dist 366 S.W.3 229, 245 (Tex. App. El Paso, 2012 no pet).* Aside from Appellant being a member of a protected group, none of these elements are present here. A comment on the first day of employment and apparent differences of opinion about performance abilities are insufficient to support a claim of hostile work environment as a matter of law.

## F.   <u>Legitimate Termination</u>

Assuming arguendo that a prima facie case was established, Appellee presented ample evidence of a legitimate non-discriminatory reason for Appellant's termination. In short, Chau's performance was inadequate. Appellee presented affidavit testimony from Chau's supervisor, Elizabeth Izaguirre, (CR 185 – 197) and another nurse, Ruby Byrd, (CR 199) outlining Chau's performance problems. At deposition, McCloskey testified to events she witnessed. (CR 392 – 399) Individually or as a whole; all of these <u>performance</u> problems resulted in Chau's termination. Any and all of the performance errors constitute a legitimate reason for Chau's termination. Loss of confidence caused by an employee's job performance has been held to be a legitimate non-discriminatory reason for

termination. *Herbert v. City of Forest Hill 189 S.W.3d 369 (Tex. App – Ft Worth, 2006 no pet.)*

Chau disagrees that her performance was deficient. Regardless, the question is whether the employer's perception of the former employees performance, accurate or not, was the real reason for her termination. Even an employer's incorrect belief that an employee's performance is inadequate constitutes a legitimate non-discriminatory basis for the employment decision. *Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1091 (5th Cir. 1995) citing Little v. Republic Refining Co., 924 F.2d 93, 97 (5th Cir. 1991).*

## G.    Termination was not pre-textual

To establish a fact question on the issue of pretext, the non-movant must present credible evidence indicating that the non-discriminatory reason given is false or not credible **and** the real reason was unlawful discrimination. *Elgahill v. Tarrant County Junior College, 45 S.W.3d 133 (Tex. App Ft. Worth, 2000, pet. denied) citing Scales v. Slater 181 F.3d 703, 709 (5th Cir. 1999)* A plaintiff can avoid summary judgment on this element if the evidence, taken as a whole, creates a fact issue as to whether each of the employer's stated reasons was not what actually motivated the employer and creates a reasonable inference that national origin was a determinative factor in the actions the plaintiff is now complaining

about. *Id., citing Grimes v. Texas Dept. of Mental Health and Mental Retardation, 102 F.3d 137, 141 (5th Cir. 1996)*

The issue at the pretext stage is not whether the employer made an erroneous decision it is whether the decision, even if incorrect, was the real reason for the employment determination The employer is entitled to be unreasonable so long as it does not act with discriminatory animus. The job of a reviewing court conducting a pretext analysis is not to "engage in a second guessing of an employer's business decision. *LeMaire v. Louisiana Dept. of Transp. & Deb. 480 F.3d 383, 391 (5th Cir. 2007)* In order to demonstrate pretext, the plaintiff must do more than show that the employer made an incorrect decision; she must show that it made a discriminatory one. *Id.*

There is no evidence of intentional discrimination in Chau's termination. By her own admission, the persons involved in the termination had no discriminatory animus. They made no racial remarks. (CR 218) Here, plaintiff points to temporal proximity (however only employed 67 days so everything has temporal proximity arguably) and her opinion that the performance complaints were "lies". *Zuniga v City of San Antonio 2014 WL 60929 (Tex. App. San Antonio January 8, 2014; rev. denied)*

Appellant asserts the termination was pre-textual because there is a discrepancy in the report from the physician as to what date the incident with Chau

"picking something from her nose and flicking it in the room" occurred. Appellant contends it didn't occur when she was working. As pointed out in Appellee's submission; the personnel file shows that while it was reported on November 22, 2010 it was apparently witnessed on Friday, November 19, 2010. (CR 196 – 197, 464).

With regard to the counseling record, plaintiff agreed she had been verbally counsel led on all areas outlined in the counsel ling and problem solving record. (CR 471) Finally, the progressive corrective action policy states: "it will generally be progressive in nature and take the form of verbal or written warning, suspension or final written warning and discharge. In all cases, the behavior itself and the severity of the outcome of the behavior shall be taken into account in determining the appropriate level of corrective action to be imposed. (CR 369) The verbal counseling was followed by continued lapses and the loss of confidence of a physician who no longer wanted her working with his patients. (CR 191 – 192) Such employees cannot continue in a hospital setting.

Poor performance is a legitimate non-pretextual termination reason. Assertions of innocence do not create a fact issue as the falsity of the reason for termination. *Cal-Western Packaging Corp., 602 F.3d 374, 379 (5th Cir. 2010)* Importantly, plaintiff does not dispute she pre-charted medication – an arguably fire-able offense, in and of itself. (CR 468, 398)

**Reply to Issue 2: The trial court did not err in granting Harlingen Medical Center's Motion for Summary Judgment on the issue of retaliation because there were no genuine issues of material fact and Appellee was entitled to Summary Judgment as a matter of law.**

## A. Retaliation

The TCHRA prohibits an employer from retaliating against an employee for engaging in certain protected activities. *Tex. Labor Code Ann. § 21.055.* Protected activities consist of (1) opposing a discriminatory practice; (2) making or filing a charge; (3) filing a complaint (4) testifying assisting or participating in any manner in an investigation, proceeding or hearing. *Id. Chandler v. CSC Technologies, LLC 376 S.W.3d 802 (Tex. App. – Houston [1st Dist.] 2012, pet. denied).* To prevail on a retaliation cause under this section the plaintiff must establish a prima facie case showing (1) she engaged in a protected activity; (2) an adverse employment action occurred; and (3) a causal link between the protected activity and the adverse employment action. *Dias v. Goodman Mfg. Co., LP, 214 S.W.3d 672, 676 (Tex. App. – Houston [14th Dist.] 2007, pet. denied.)* If the employee sets out a prima facie case, the burden shifts to the employer to establish a legitimate reason for its employment action. *Chandler supra at 822 - 823.* However, an employee's subjective beliefs of retaliation are only conclusions and do not raise a fact issue precluding summary judgment on a retaliatory discharge claim. *Niu v. Revcor Molded Products Co., 206 S.W.3d 723, 731 (Tex. App. Ft. Worth 2006, no pet.)*

**B.     Appellant did not engage in a protected activity**

When being counseled about her poor performance, Appellant chose to raise a complaint about a co-worker. (CR 185 – 186) She did not complain about discrimination, harassment or a hostile work environment.  She had a personality conflict with a co-worker.  Complaints about an inability to work with a co-worker is not a "protected activity" within the meaning of the statute.

The employee must put the employer on notice that the employee is opposing practices that she believes constitute prohibited discrimination.  *Esparza v. University of Texas El Paso, 2015 WL 4711612, citing Warrick Motiva Enterprises, LLC 2014 WL 7405645 (Tex. App. – Houston [1ˢᵗ Dist.] Dec. 30, 2014) (not designated for publication).*  A vague charge of discrimination will not invoke protection under the statute.  *Azubuike v. Fiesta Mart, Inc. 870 S.W.2d 60, 65 (Tex. App. Houston [14ᵗʰ dist. 1998, no pet.)*  Even if Appellant's complaint about McCloskey were considered protected activity, it had nothing to do with Chau's termination.  She was not able to perform the demanding tasks necessary for an ICU nurse.

**C.     No causal connection**

Assuming arguendo, that Chau's "internal complaint" is considered a protected activity, it was clearly not the basis for her termination.  There is no causal connection between this complaint and her ultimate termination.

Plaintiff ignores the fact that whether she raised an internal complaint or not; whether that was protected activity or not; she no longer worked with McCloskey and her performance did not improve. Moreover, even if allegations regarding McCloskey's race based comments are true – McCloskey was not a decision maker when it came to employment decisions.

A plaintiff asserting a retaliation claim must establish that, in the absence of his protected activity the employer's prohibited conduct would not have occurred when it did. *Chandler v. CSC Technologies at 823 citing Herbert v. City of Forest Hill.* In other words, the plaintiff must establish a "but for" causal nexus between the protected activity and the prohibited conduct. *Id.; See also, Univ. of Tex. SW Med. Ctr. v. Nassar, __ U.S. __; 133 S.Ct. 2517; 18 L.Ed.2d 503 (2013).*

Considering the ongoing performance problems documented by Elizabeth Izaguirre, (CR 185 – 197) including the pre-charting incident (CR 199, 468) and the fact that appellee had lost the confidence of a physician at the hospital (CR 197 and 469) – all of which were post working with McCloskey -- the record establishes that Chau's termination was not retaliatory; but rather a legitimate business decision.

D. **Pretext**

To raise a fact issue on the pretext element of a retaliation claim, the employee must present evidence proving the reasons stated by the employer were

not its true reasons, but were a pretext for retaliation, or the reasons were not credible. *See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000); Crutcher v. Dallas Indep. Sch. Dist., 410 S.W.3d 487, 498 (Tex. App. – Dallas 2013, no pet.)* An employer is entitled to judgment as a matter of law if the record conclusively establishes some another non-retaliatory reason for the employer's decision, or if the plaintiff creates only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no retaliation occurred. *See Reeves, 530 U.S. at 148*. The issue at the pretext stage is not whether the employer made an erroneous decision; it is whether the decision, even if incorrect, was the real reason for the employment determination. *Sandstad v. CB Richard Ellis, Inc., 309 F.3d 893, 899 (5th Cir. 2002)*. The employer "is entitled to be unreasonable so long as it does not act with discriminatory animus." *Id.* It is the employee's burden to proffer evidence creating a fact issue regarding reasonableness. *Id.*

The record is full of evidence of plaintiff's deficient performance. Other than announcing it couldn't be true, Chau has presented no evidence of falsity. Indeed, Appellee presented evidence of performance problems at other hospitals that Chau worked at besides Harlingen Medical (CR 238 - 260). Appellant has presented only subjective beliefs to support her claim of pretext. This is not enough under the law to survive summary judgment. *Chandler v. CSC Applied*

*Technologies, LLC 376 S.W.3d 802, 823, (Tex. App. – Houston [1st Dist.] 2012, pet. denied); See also, Greathouse v. Alvin Ind. School Dist. 17 S.W.3d 419 (Tex. App. – Houston [1st Dist.] 2000, no pet.) citing Farrington v. Sysco Food Services, Inc. 865 S.W.2d 247, 251(Tex. App. – Houston [1st Dist.] 1993, writ denied) (*conclusory allegation, improbable inferences, unsupportable speculation or subjective beliefs and feelings are insufficient to maintain a cause of action under the TCHRA).

Chau complains that she didn't receive the written complaint and did not receive "progressive discipline". She was verbally counseled regarding everything in the written complaint and conceded as much. (CR 471) The progressive discipline policy does not require progressive discipline in every case. It sets forth a general policy; subject to the needs of the hospital.

While there was a "temporal proximity" between the two events; one must not lose sight of the fact that Appellant was only employed 67 days. Temporal proximity alone is not sufficient to prove a causal connection. *Strong v. Univ. Healthcare Sys. LLC, 482 F.3d 802, 808 (5th Cir. 2007)* Everything that occurred in this short period of time was proximate in time. Importantly, when Elizabeth Izaguirre hired Appellant she was 63 and Vietnamese. When Elizabeth Izaguirre fired Appellant she was 63 and Vietnamese. Harlingen Medical Center did not

have any discriminatory animus towards Appellant. She was terminated for legitimate, non-retaliatory reasons.

## CONCLUSION

There are no issues of material fact concerning Appellant's employment discrimination claims. She was terminated for legitimate, non-discriminatory, non-retaliatory reasons. There is no evidence the reasons presented were pre-textual or an effort to intentionally discriminate. The trial court's ruling on Harlingen Medical Center's Second Motion for Summary Judgment should be affirmed.

# PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellee, Harlingen Medical Center prays that the Court affirm the trial Court's order. Harlingen Medical Center prays that the Court award them the costs of this appeal and all further and other relief to which it is entitled.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
10225 N. 10th St.
McAllen, Texas 78504
(956) 393-6300
(956) 386-1625 (facsimile)

By: /s/ *Rosemary Conrad-Sandoval*
Rosemary Conrad-Sandoval
State Bar No. 04709300

ATTORNEY FOR APPELLEE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record on this the 19th day of December, 2015.

R. Chris Pittard
FORTE & PITTARD, PLLC
1777 NE Loop 410, Suite 610
San Antonio, Texas 78217

*/s/ Rosemary Conrad-Sandoval*
Rosemary Conrad-Sandoval